■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. MIRIAM S. HATTEMER, Defendant.— Motion to dismiss an indictment upon inspection of the minutes of the Grand Jury of the Extraordinary Trial and Special Term

of the Supreme Court of Suffolk County. Motion granted, indictment dismissed, and bail exonerated. The indictment charges that the "Defendant on or about the seventeenth day of October, 1956, at Patchogue, Town of Brookhaven, Suffolk County, committed the crime of Perjury in the First Degree, contrary to Penal Law, Section 1620-a." The district attorney's bill of particulars charges that defendant committed the crime at an investigation conducted by the office of the commissioner of investigation on October 17, 1956, in Patchogue. The bill also states that the defendant testified falsely and said in substance and effect that she paid $219.68 to one James S. Fuoco for a one-third interest in real property, by several payments in cash from an amount of $1,000 retained by her in cash and kept in her wallet, which she testified she received and retained from the proceeds of an alleged $2,000 settlement, at the end of 1951, or thereabouts, of a negligence claim, the remaining $1,000 having been deposited in a bank. The minutes of the Grand Jury include testimony and other evidence received on October 16, and October 18, 1956. On October 18, 1956 the transcripts of the defendant's testimony in the office of the commissioner of investigation were received in evidence by the Grand Jury. The first transcript was of testimony taken on September 10, 1956 in the office of the commissioner of investigation in New York County. The second transcript was of testimony taken in the office of the commissioner in Suffolk County on October 17, 1956. At the hearing in New York County the defendant, a housewife, was questioned for some time without being sworn. After some further testimony was so taken, she said that she presumed she was under oath. After a few more questions, she was sworn and testified further. During her sworn testimony, she testified as to the matter indicated in the bill of particulars, i.e., the keeping of $1,000 in cash, part of the proceeds of the settlement of the negligence action. On October 17, 1956, the defendant, represented by the same attorney who represented her at the first hearing, was questioned in Suffolk County by a deputy commissioner of the office of the commissioner of investigation. She testified that she was examined on September 10, 1956 and had been sworn in connection with the giving of that testimony, that her answers on the first hearing were true to the best of her knowledge and so far as she could remember and that, if she were asked the same questions that she was asked on the first hearing, her answers might not be the same verbatim but the essence would be there. She answered various questions, some of which were repetitious of her testimony at the first hearing. But she was not questioned concerning, and did not testify about, the payment for her one-third interest from the $1,000 cash, kept in her wallet as part of the proceeds of the $2,000 settlement of her negligence action. An indictment must be based on evidence which in the judgment of the Grand Jury, "would, if unexplained or uncontradicted, warrant a conviction by the trial jury" (Code Crim. Pro., § 251), "and when it appears that an indictment is founded upon evidence which as matter of law is insufficient to warrant a conviction, the courts have power to set it aside" (*People* v. *Nitzberg,* 289 N. Y. 523, 526; *People* v. *Sweeney,* 213 N. Y. 37, 42). To warrant a conviction for perjury, it is necessary to prove not only that the false testimony was given, but that it was given willfully and knowingly (*People* v. *Samuels,* 284 N. Y. 410; cf. Penal Law, § 1627-a). But to warrant a conviction, the proof must show that the crime charged was committed in the county within which the defendant was indicted (*People* v. *Greene,* 3 A D 2d 768). The bill of particulars shows that the crux of the prosecution's case is the defendant's testimony concerning the

retention of $1,000 in cash from the proceeds of the $2,000 settlement and the deposit of the balance of $1,000. That conclusion is fortified by an analysis of the testimony of bank employees and the evidence concerning joint bank accounts in the names of the defendant and her husband — evidence received by the Grand Jury on October 18, 1956. In our opinion, a finding would not be proper that the defendant testified falsely, willfully and knowingly in Suffolk County concerning a material fact (see, e.g., *People* v. *Samuels, supra*; cf. *People* v. *Clemente,* 285 App. Div. 258, affd. 309 N. Y. 890). Wenzel, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., and Murphy, J., dissent and vote to deny the motion.