Dte, J.
The defendant-appellant had been convicted, following a trial without a jury, of disorderly conduct in violation of section 722-b of the Penal Law. That section provides: “ § 722-b. Loitering in school buildings. Any person not the parent or legal guardian of a pupil in regular attendance at said school who loiters in or about any school building or grounds without written permission from the principal, custodian or other person in charge thereof, or in violation of posted rules or regulations governing the use thereof, shall be guilty of disorderly conduct.”
*551 The proof establishes, without any serious doubt, that this defendant and a male companion who, by the way, has not been charged with any violation although he was with the defendant at all times on or about March 21, 1958, entered the Baldwin Senior High School in Baldwin, N. Y., between 2:30 and 2:45 p.m., to meet two friends who were in the school. Concédedly, neither of them were within the exception of the statute, that is, neither was the parent nor the guardian of a student in regular attendance at such school, and had no written permission to be there.
They hung about in the main lobby for about 10 minutes and then, at the suggestion of one of the students whom they had planned to meet and whom they saw as they passed through the lobby, went to the second floor and waited in the corridor outside their home room. Several minutes later when the class was dismissed the defendant and his companion and their two student friends walked down the stairs and out through the lobby and on the school grounds. When outside the defendant put an unlighted cigarette in his mouth. A teacher who was present asked him three different times to remove it and when he did not the teacher reached to take it out of his mouth. The defendant countered by knocking off the teacher’s hat and punching him in the stomach, following which he left. There was also evidence that several weeks before, for good reason which had no bearing on the within charge, the defendant had been warned by a teacher to keep out of the school.
When the defendant took the stand in his own behalf, he did not contradict any of the People’s proof as to the main issue. By his own statement, he admitted he knew he was not supposed to be in the school and grounds but contented himself in denying a series of collateral matters with prior alleged conduct in and about the school establishment which had no relation to the violation charged. In fact his challenge to the conviction is not directed mainly to the sufficiency of the People’s proof, but to the validity of the statute as a constitutional enactment for lack of standards and appropriate definition.
In People v. Diaz (4 N Y 2d 469) and People v. Bell (306 N. Y. 110), we dealt with a loitering statute. In Diaz we set aside a conviction had under a city ordinance which provided that no person shall lounge or loiter about any street or street comer *552 because the prohibiting language was too vague, indefinite and uncertain to define a crime, since the ordinance made no distinction between conduct calculated to harm and that which is essentially innocent in the use of a public street.
There is a vast difference between a statute or ordinance dealing with loitering on a public street or street comer as in Diaz (supra), and a statute which prohibits any person who does not come within the named exceptions to loiter in or about any school building or grounds without written permission of the principal, custodian or other person in charge thereof, or in violation of posted rules and regulations governing the use thereof. A school is in a sense public in that it is endowed and operated by the taxpayers’ money, but it is not public in the sense that any member of the public may use it for his own personal purposes, and is justifiably the proper subject for proscribed acts such as loitering. A school building being of such a restricted public nature, the attack upon section 722-b on constitutional grounds is wholly without merit. Read in the light of the nature of a school building, the statute is sufficiently clear and unambiguous to inform the public of the proscribed act. On its face it simply states that any person who loiters (a term which has by long usage acquired a common and accepted meaning) without permission of the specified persons is guilty of disorderly conduct.
Nor is there any merit to defendant’s contention that the statute was not intended to make criminal an otherwise innocent activity. Loitering in school buildings, or on school grounds, is not an innocent activity. It is common knowledge that law enforcement agencies and school authorities are continuously and increasingly harassed by the presence of unauthorized persons invading the precincts of our schools such, for instance, as dope peddlers, sex offenders, idlers and trouble makers in general, and other persons harboring some Illegitimate purpose involving the innocence of immature school children and youth. Then too, there is the ever present threat of fire and disaster from indiscriminate and careless use of cigarettes in and about the school corridors and buildings. The authorities, we know, are not only charged with the duty of providing children with a proper education, but while so doing must be watchful of their moral and physical safety and well-being. It was for these and other reasons that the enactment of section 722-b *553 was sponsored by the law enforcement authorities and parent organizations, leading boards of education and other civic-minded groups. The nature of the activity carried on in a school building incident to the teaching and protection of children compels restriction against persons loitering in and about the building and grounds wherein these activities are carried on. This interpretation does not conflict with or limit our decision in People v. Bell (supra) which dealt with loitering in and about railway property by a person “ who [was] unable to give a satisfactory explanation of his presence ”.
Here the statute makes definite and certain that one does not qualify as an implied invitee or licensee who needs written permission to frequent a school else he is a trespasser and may be punished for loitering. Here the defendant conceded that he did not come within the statutory exceptions nor did he have permission to enter the school premises and this in face of prior warning to keep out.
The judgment appealed from should be affirmed.