J. Michael Hippick, J.
Defendant was charged with a violation of section 1121 of the Vehicle and Traffic Law of the State of New York, alleged to have been committed on Waters Road, a public highway, in the Town of East Greenbush, County of Rensselaer, New York on the 7th day of January, 1969 at about 4:40 o ’clock in the afternoon. Trial was held before the undersigned on March 26, 1969, sitting as a Court of Special Sessions of the Town of East Greenbush, Rensselaer County, N. Y.
Subdivision 35 of section 56 of the Code of Criminal Procedure, previously provided “ courts of special sessions * * * have in the first instance exclusive jurisdiction to hear and determine charges * * * committed within their respective counties * * * [of] All violations of the provisions of the * * * vehicle and traffic * * * laws ” (italics supplied).
This was repealed by chapter 681 of the Laws of 1967, and the Uniform Justice Court Act, which became effective September 1,1967, by section 2001, “ Criminal jurisdiction ”, provides: “ The court shall be a court of special sessions and shall have original jurisdiction of all misdemeanors and of all offenses and violations of a grade less than misdemeanor, including traffic infractions, committed at any place within the municipality.” (Italics supplied.)
*562 Section 135 of the Code of Criminal Procedure provides that when an offense is committed on the boundary of two or more counties, or within 500 yards thereof, the jurisdiction is in either county. This court is unable to find any equivalent provision pertaining to Courts of Special Sessions in either the Code of Criminal Procedure or the Uniform Justice Court Act.
It has been held in People ex rel. Smoake v. Morrow (58 Misc 2d 266) that if the court has jurisdiction of the subject matter but lacks jurisdiction of the person of a party, it may obtain the latter by said party’s consent or stipulation submitting to such jurisdiction, or by subjecting himself to said jurisdiction. However, the Smoake case and those therein cited relate to the jurisdiction of Supreme Court which is a court of general jurisdiction and is not applicable to a Court of Special Sessions.
It is the burden of the prosecution to prove the defendant guilty beyond a reasonable doubt of all elements of the offense charged. The testimony in this case in the opinion of the court was ample in all respects except that of jurisdiction. The People failed to prove beyond a reasonable doubt that the offense was committed within the jurisdictional limits of the Town of East G-reenbush.
I therefore find that the defendant was not proved guilty of the charge beyond a reasonable doubt and the charge is therefore dismissed and the defendant discharged.