J. Kenneth Servé, J.
On January 23, 1968 the defendant, Holt, was arrested without a warrant for the offense of criminal trespass in the third degree. He was taken by the officer to the Court of Special Sessions of the Town of Carlton, Orleans County, New York (Honorable Clare E. Jones, Justice of the Peace) and there, without counsel, he entered a plea of guilty to such charge. He was sentenced to a term of 15 days in the Orleans County Jail. Subsequently, the sentence was reduced to 3 days.
The defendant in October, 1968 instituted a coram nobis proceeding in the Special Sessions Court of the Town of Carlton, Orleans County, New York (Honorable Clare E. Jones, Justice of the Peace) for the purpose of obtaining an order to vacate his January 23, 1968 conviction of criminal trespass in the third degree. A hearing was conducted and thereafter on the 11th day of February, 1969, an order was made and entered in the aforementioned Court of Special Sessions which denied the defendant’s application for such relief. The defendant has now appealed to this court from the afore-mentioned order of February 11, 1969.
*879 The defendant claims that when he was arraigned and prior to the entry of his guilty plea, the Magistrate failed to properly inform him of his rights to counsel in that he was not informed of his right to assigned counsel. Coram nobis is an appropriate and available proceeding for the defendant, Holt, to present his claim that he was not properly and effectively advised of his right to have counsel assigned to him. (Matter of Bojinoff v. People, 299 N. Y. 145; People ex rel. Sedlak v. Foster, 299 N. Y. 291.)
Section 699 of the Code of Criminal Procedure, which refers to proceedings in Courts of Special Sessions and Police Courts, provides in paragraph b of subdivision 1 that if the defendant appears without counsel, ‘ ‘ the magistrate must inform him that he has the right to the aid of counsel in every stage of the proceedings * * * that if he desires the aid of counsel and is financially unable to obtain counsel, then counsel shall be assigned ”. The Magistrate was required not only by statute but by case law (People v. Witenski, 15 N Y 2d 392, 395) to inform the defendant of the right to assigned counsel. The evidence is clear that the defendant, Holt, was not advised by the Magistrate of his right to assigned counsel. Due to the fact that the defendant, Holt, was never effectively and properly informed of his right to have counsel assigned, he did not waive his right to such assigned counsel. Not having been fully and effectively advised by the Magistrate of his right to counsel at the time he was arraigned and pled guilty, the defendant, Holt, is now entitled to have judgment of conviction vacated (People v. Byroads, 24 A D 2d 732).
In his coram nobis proceeding, the defendant contends that he is entitled to have his judgment of conviction vacated on the additional ground that the Court of Special Sessions of the Town of Carlton had no jurisdiction to arraign him, accept his plea of guilty, and to impose sentence on him.
The offense that the defendant pled guilty to occurred in the Town of Clarendon, Orleans County, New York. However, the defendant was on January 23, 1968, at about 10:45 a.m. arrested without a warrant by a police officer for such offense on the grounds of the Arnold Gregory Hospital on South Main Street in the Village and Town of Albion, Orleans County, New York.
In this case, when the defendant was arrested without a warrant, the officer was required to immediately take him before an available Magistrate of a town in Orleans County who was nearest or most accessible to the place where the arrest occurred. (Code Crim. Pro., § 164). The provisions of section 164 of the *880 Code of Criminal Procedure do establish a priority as to which Magistrate in the county has jurisdiction to conduct the judicial proceedings as to a person arrested without a warrant. The purpose of the priority is to bring about the immediate production of such arrested individual before a Magistrate. If the nearest Magistrate in the point of distance from the place of arrest is available and most accessible, he is the one who has prior jurisdiction and before whom the arrested person should be taken. When the arresting officer makes an arrest without a warrant, it is incumbent upon him to make reasonable efforts to determine who is the nearest or most accessible Magistrate and the availability of such Magistrate.
The arresting officer knew that the Honorable Charles Paganelli, Justice of the Peace of the Town of Albion,' maintained his law offices on Main Street in the Village of Albion, New York. The officer testified that the office of Judge Paganelli was about one and one-half miles from the place where he arrested the defendant. It is clear from the evidence that, in reference to the distance from the place where the defendant’s arrest occurred, Judge Paganelli was the nearest Magistrate. There was nothing in the evidence to show that he was not also the most accessible Magistrate. To comply with section 164 of the Code of Criminal Procedure, the officer was required to make reasonable efforts to determine if Judge Paganelli was available at that time on January 23, 196-8 to conduct the necessary judicial proceedings as to the defendant Holt.
Upon the cor am nobis hearing the arresting officer testified that he did. not make any attempt to communicate with Judge Paganelli to learn if he was available and further that he did not take the defendant before Judge Paganelli for arraignment. (In taking the defendant to the Magistrate in the Town of Carlton, approximately six to eight miles from the place of arrest, the officer drove the defendant in the police car by and past the office of Judge Paganelli.) The officer further testified that the reason he made no effort to either communicate with Judge Paganelli or to take the defendant before him was because he had heard some time prior to January 23, 1968, from an unidentified source, that Judge Paganelli did not handle criminal eases. However, the officer further testified that Judge Paganelli had never told him that he would not handle criminal cases. The officer further stated in his testimony that he did not know whether Judge Paganelli was available or not that morning -of January 23,1968. In substance, the arresting officer made no effort on January 23,1968 to determine whether or not *881 Judge Pagakelli was available to conduct the required judicial proceedings as to the defendant Holt.
The facts disclosed by the evidence in this case establish that Judge Pagakelli was the nearest and most accessible Magistrate with reference to the place where the defendant was arrested. If available, he was the Magistrate who had prior jurisdiction and before whom the defendant Holt should have been brought.
The reliance of the arresting officer upon something that he had heard from an unidentified source, prior to January 23, 1968, about Judge Pagakelli not handling criminal cases cannot be recognized as an adequate substitute for the reasonable efforts the officer was required to make to determine the availability of Judge Pagakelli. The statute required the officer to do something more to determine the availability of such Magistrate, and this, by his own admission, he did not do.
Upon the evidence produced in the coram nobis proceeding it is clear that neither the Magistrate, Judge Jokes, nor the Court of Special Sessions of the Town of Carlton, had jurisdiction to conduct the judicial proceedings as to the defendant Holt on January 23,1968.
The order of the Court of Special Sessions of the Town of Carlton, dated and entered the 11th day of February, 1969 denying the application of the defendant is reversed on the law and the facts. The judgment of conviction rendered on the 23rd day of January, 1968 is vacated and set aside.