Martin Schenck, J.
This is an appeal from a judgment of the Court of Special Sessions, Guilderland, New York (Mataraso, J.) pursuant to which the defendants were sentenced to 60 days in the county jail upon their respective pleas of guilty to informations which alleged violations of subdivision 3 of section 3395 of the Public Health Law. An examination of the Justice’s return indicates that these defendants were properly advised of all of their rights and that they knowingly and voluntarily pled guilty. There is no indication that, because of their age or any other circumstances, they have been denied any constitutional or other rights. Accordingly, the grounds for appeal in this respect have no merit.
The issue of the validity of the information against each defendant, however, raises another and more serious question. Each defendant was charged with possession of a pipe allegedly “ adapted ” for the “ administration ” of marijuana and containing a ‘ ‘ residue of marijuana ’ ’. In one instance the pipe was described merely as a “briar pipe”. In the other the instrumentality was described as a “ brass and wooden pipe ”. Prom all that appears on the face of the informations the instruments referred to are merely common pipes used by countless persons for the smoking of tobacco. The only issue is whether or not the fact that a “residue of marijuana ” was allegedly found in these particular pipes changes the nature thereof to *476 an ‘ ‘ instrument or implement adapted for the administering of narcotic drugs ’ ’ under the Public Health Law. Subdivision 3 of section 3395 refers to possession of such instruments as being illegal unless their possession was “ obtained upon a valid written prescription.” The section specifically refers to hypodermic syringes and hypodermic needles before continuing with the general reference to implements adapted for administering narcotics.
Hpon analysis of subdivision 3, I am constrained to the view that the legislative intent was directed toward instrumentalities commonly used for the administration of drugs in a manner analogous to the use of syringes, needles, etc. It is inconceivable that the Legislature intended to proscribe the use of or possession of ordinary tobacco pipes except with a prescription by a physician. To extend the Public Health Law to the point of making ordinary tobacco pipes illegal goes beyond reasonable interpretation of the law.
The fact that the informations alleged ‘ ‘ marijuana residue ’ ’ in the pipes does not of itself transform the basic nature of the pipes. The defendants might have been charged with possession of marijuana under the Penal Law if such were the case. Such possession could conceivably have been proven through the aforesaid 11 marijuana residue ’ ’ element. ¡Such charge, however, was not made against either one of them. I must, therefore, agree with the argument of counsel to the effect that subdivision 3 of section 3395 is not applicable to common “ briar ” or “ brass and wooden ” pipes.
The District Attorney argues that a defect in an information is corrected by a plea of guilty. That, however, is not the fact where the information itself is fatally defective because it does not allege a crime. For all of these reasons I find that neither of these informations is legally sustainable. Accordingly, the Court of Special Sessions had no jurisdiction under these informations. The pleas, therefore, are nullities and the judgment of conviction and sentence in each case must be reversed. The information against each of the respective defendants is dismissed.