Henry F. Werker, J.
This is an appeal from judgments of conviction and sentences entered upon pleas of guilty before George E. Carl, Town Justice of the Town of Catskill, on July 1,1970. The crimes with which defendant-appellant was charged *394 were wrongful possession of an instrument or implement adapted for the administering of narcotic drugs contrary to subdivision 3 of section 3395 of the Public Health Law and wrongful possession of a dangerous weapon contrary to subdivision 3 of section 265.05 of the Penal Law of the State of New York.
The defendant-appellant and his companions were arrested by a State Police officer at about 1:30 a.m. on July 1, 1970, at the Wishy Washy Laundromat on Route 9W in the Town of Coxsackie, Greene County, New York. The arresting officer before making the arrest searched the vehicle of defendant-appellant and found therein a smoking pipe with a screen in it and a billy club.
Defendant-appellant and his companions were brought to the New York State police barracks at Leeds, Town of Catskill, and there questioned, fingerprinted and photographed. At 6:30 a.m. on the same day he was arraigned before Justice Carl at the police barracks. Defendant-appellant was advised as to his right to counsel and his right to a jury trial by Justice Carl. He pleaded to the charges, after refusing counsel and a jury trial. The arresting officer informed Justice Carl that he could not locate a Town Justice in the Town of Coxsackie where the arrest took place. Based upon this information, Justice Carl took jurisdiction of the matters and arraigned the defendant-appellant. Defendant-appellant at the time of the alleged commission of the crime was under 19 years of age (cf. Code Grim. Pro., § 913-e et seq.).
Upon this appeal, defendant-appellant contends,
a) that Justice Carl had no jurisdiction to enter judgment of conviction and sentence him under section 2001 of the Uniform Justice Court Act and section 164 of the Code of Criminal Procedure;
b) that defendant-appellant should have been advised that he could apply for youthful offender treatment;
c) that a smoking pipe with a screen is not a narcotic implement within subdivision 3 of section 3395 of the Public Health Law and, therefore, the information with respect to that charge is insufficient as a matter of law;
d) that defendant-appellant was not advised of the fact that, if he had previously been convicted of a crime, possession of the billy club was a felony and not a misdemeanor.
The jurisdictional question raised on this appeal is one that has plagued County Courts over the years. (People v. Schur, 14 Misc 2d 944; People v. Berzal, 26 Misc 2d. 454; People v. Holt, 59 Misc 2d 878.) Section 2001 of the Uniform Justice Court *395 Act confers criminal jurisdiction upon Town Justices in the following language:
“ (a) Court of special sessions. The court shall be a court of special sessions and shall have original jurisdiction of all misdemeanors and all offenses and violations of a grade less than a misdemeanor, including traffic infractions, committed at anyplace within the municipality.” (Emphasis supplied.)
Subdivision 35 of section 56 of the Code of Criminal Procedure formerly provided that Courts of Special Sessions had exclusive jurisdiction within their respective counties. This provision was repealed by chapter 681 of the Laws of 1967 and the Uniform Justice Court Act became effective September 1, 1967.
The applicable portion of section 164 of the Code of Criminal Procedure which provides for ‘ ‘ Place of arraignment and proceedings thereon” reads as follows“If the defendant is arrested without a warrant for a misdemeanor, offense, infraction or violation of ordinance, he must be taken immediately before an available magistrate of a town in the county in which the offense charged is alleged to have been committed who is nearest or most accessible with reference to the place where said arrest is made.”
The jurisdiction of the Town Justice was limited by section 2001 to misdemeanors and lesser crimes committed within the municipality. By definition, a town is a municipality (Town Law, § 2). Therefore, the Town Justice of the Town of Catskill could acquire no jurisdiction to try or accept a plea of guilty with respect to a crime committed in the Town of Coxsackie. (People v. Wilder, 59 Misc 2d 561.) The case of People ex rel. Smoake v. Morrow (58 Misc 2d 266), holding that if the court has jurisdiction of the subject matter it may obtain jurisdiction of the person by submission to it, has no applicability here since that case relates to the general jurisdiction of the Supreme Court. The Justice Court is a court of limited jurisdiction, and although a person might submit to its jurisdiction, such submission may be made only after being informed of the right to object to the jurisdiction.
The Attorney-General has rendered an opinion to the effect that section 164 of the Code of Criminal Procedure has not been repealed, amended or affected by section 2001 of the Uniform Justice Court Act (1969 Atty. Gen. [Inf. Opns.] 158). This court is of a different opinion. The language in section 164 is keyed to the language of subdivision 35 of section 56 which has been repealed. In my opinion, the nearest or most *396 accessible Magistrate to whom the defendant is taken, upon a proper showing that he is the nearest and most accessible Magistrate, may arraign the defendant, advise him of his rights, and commit him or release him on bail until such time as the Magistrate in the municipality where the arrest took place is available for further proceedings. Such a bifurcated approach is the only way in which some meaning may be retained in section 164 of the Code of Criminal Procedure, while protecting the individual’s right to be brought immediately before a Magistrate and arraigned.
The proper showing required should be obtained and recorded by the Magistrate in his docket, evidencing that a bona fide effort has been made to arraign the defendant before the nearest and most accessible Magistrate.
The court takes judicial notice of the fact that in this case two Justices, one- in the Town of New Baltimore and the other in the Town of Athens, reside on the 9W Highway and were closer to the place of arrest than Justice Carl. The statement in Justice Carl’s return, to the effect that the State Police informed him that no Justice was available in the Town of Coxsackie, does not satisfy the statutory requirement since it makes no mention of the availability of Justices in the towns which were contiguous to Coxsackie.
The court recognizes that the convenience of the State Police is served for purposes'of fingerprinting and photographing by bringing defendants to the Town of Catskill. Convenience, however, is not a standard by which justice may be measured, and it must fail when it conflicts with the right of the defendants as stated in the Uniform Justice Court Act and the Code of Criminal Procedure. It should also be pointed out that holding court in the State police barracks is not a public “ sitting” where a defendant may properly be arraigned. While a Town Justice may designate the place where he will hold court (UJCA, § 106) the clear language of the statute and the implication of the constitutional mandate that court sittings be public exclude a police barracks as a courtroom. (Code Grim. Pro., § 8; Judiciary Law § 4; U. S. Const., 6th Arndt.; 1 Antieau, Modern Constitutional Law, § 5.55, p. 341.)
-The plea of guilty being a nullity with respect to possession of a dangerous weapon, the judgment of conviction and the sentence is vacated. That information is remanded to the Town Justice of the Town of Coxsackie for further proceedings in accordance with this opinion.
The information charging possession of an instrument or implement adapted for the administering of narcotic drugs is *397 dismissed as being insufficient as a matter of law (People v. Berger, 61 Misc 2d 475).
In the court’s opinion, the defendant had a right (a) to be informed that possession of a dangerous weapon was a misdemeanor if he had no prior criminal record and a felony if he had such a record; and (b) to make an application and to be informed that he could make such an application for investigation and examination as to whether he was eligible for youthful offender treatment.
It is directed that proceedings upon remand include advice to the defendant in these respects.