Richard J. Shat, J.
This is an appeal by the People from an order of the City Court of the City of Cortland dismissing, on motion by defendant’s attorney, an information dated April 4,1970 charging the defendant with the crime of unlawful possession of an instrument adapted for administering narcotic drugs in violation of section 3395 of the Public Health Law of the State of New York. The motion was granted April 10', 1970; the notice of appeal was served, the return of the City Court filed and the defendant’s answering affidavit completed by May 13,1970. All procedures being timely to that point. Thereafter, the next activity indicated by filing dates in the Cortland County Clerk’s file is a notice of argument filed July 27, 1971 or some 14 months later.
The apparent basis upon which the motion to dismiss was granted was the claim that an ordinary tobacco smoking pipe, even one containing a wire filter upon which marijuana residue was found and which the defendant admitted using for the smoking of marijuana, could not be, as a matter of law, an instrument adapted for the administering of narcotic drugs. In support of this argument defense counsel cited People v. Berger (61 Misc 2d 475).
If the Berger case stands for the proposition that an information detailing a fact pattern as above described is defective as a matter of law, I do not feel it should or can be followed in this jurisdiction. At the time of the City Court proceedings Berger stood apparently alone as reported authority on the question and it has since been adopted, without question, qualification or distinction by another County Court of this State. (People v. Schoonmaker, 65 Misc 2d 393.) I think it significant, however that the Appellate Division of the Third Department had before it in People v. Schriber (34 A D 2d 852) a fact situation involving, among other things, a “ square-bowled pipe containing marijuana residue ”. In reversing the defendant’s conviction under section 3395 of the Public Health Law the court relied upon a lack of proof of actual possession. Were it so obvious that a smoking pipe containing marijuana residue could not be the basis for a conviction under section 3395 of the Public *811 Health Law, I would think our Appellate Division would have said so when given the opportunity.
I am of the opinion that a pipe used for the smoldng of marijuana falls easily within the proscription of the statute. The question óf whether or not an ordinary smoking pipe has been so adapted is obviously for the trier of the facts and cannot be decided as a matter of law.
Having laid to rest the fears of the District Attorney that an unfortunate precedent would prevail within the County of Cortland because of the City Court’s order of dismissal, I am constrained, nevertheless, to order the dismissal of this appeal in the interests of justice. I deem the extraordinarily long delay between the completion of the preliminary steps and the service of the notice of argument to be in excess of that fairly allowable and in all good conscience do not feel the ends of justice would be served by reinstating the involved information.
Therefore, while disagreeing with the dismissal, on motion, by the trial court of this information I must, for the reasons stated, dismiss this appeal and it is so ordered.