Memorandum.
The judgment of conviction should be reversed and information dismissed. This appeal is by permission of an Associate Judge of the Court of Appeals from an order of the Jefferson County Court affirming a judgment of conviction after trial held before a Justice of the Peace of the Town of Pamelia, on the charge of a violation of section 165.05 of the Penal Law, unauthorized use of a motor vehicle. The facts of the case are not in dispute. Defendant drove complainants’ automobile without the latter’s permission in the Town of Watertown. Upon a report that the vehicle was stolen, a State Trooper obtained a warrant of arrest for defendant from a Justice in the Town of Pamelia and defendant was arraigned and tried in Justice Court, Town of Pamelia. It is uncontroverted that all the acts allegedly committed by defendant took place in Watertown. In the Court of Appeals, defendant argued that the Justice Court, Town of Pamelia, was without jurisdiction to try defendant for a Class “A” misdemeanor and that the Justice Court erred in not permitting a civil compromise (Code Grim. Pro., § 664) to be entered into between the defendant and the complainants.
The Justice Court, Town of Pamelia, was without jurisdiction to try defendant on the misdemeanor charge. Former section *252 2001 (subd. [a]) of the Uniform Justice Court Act (hereafter UJCA), governing criminal jurisdiction, provided the Court of Special Sessions with original jurisdiction of all misdemeanors committed at any place within the municipality. A prerequisite for Pamelia Justice Court jurisdiction is that the offense be committed within the jurisdictional limits of the Town of Pamelia. (See, e.g., People v. Wilder, 59 Misc 2d 561.) This jurisdictional prerequisite is not inconsistent with section 164 of the Code of Criminal Procedure which provided that a defendant may be taken before the nearest available Magistrate in the county for the purposes of arraignment. In the instant case, the record is totally devoid of any evidence placing defendant in Pamelia or of any attempt by the arresting State Trooper to obtain a warrant from one of the two Town Justices residing in Watertown (see People v. Schur, 14 Misc 2d 944). Pursuant to UJCA (former § 2001), under these circumstances, the Pamelia Justice Court lacked jurisdiction to try the defendant. In light of this determination, we do not reach the question of whether the lower court erred in not permitting the civil compromise.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan. Breitel, Jasen and Gibson concur.
Order reversed and the information dismissed in a memorandum.