Jasen, J. (dissenting).
The question presented on this appeal is whether the evidence was sufficient for the jury to find beyond a reasonable doubt that the defendant’s coneededly false testimony, relating to material matter, was given “ wilfully and knowingly”. (Former Penal Law, § 1620.)
The law is well settled that the falsity of one’s testimony does not alone establish that it was given “ wilfully and knowingly ”. (People v. Samuels, 284 N. Y. 410, 415; People v. Hattemer, 4 AD 2d 775, affd. 4N Y2d 835; see, also, Perkins, Criminal Law [1957 ed.], pp. 389-390; A.L.I. Model Penal Code T. D. No. 6 [May 6, 1957], p. 125.) Rather, there must be proof going beyond the fact of falsity. (See, e.g., People ex rel. Hegeman v. Corrigan, 195 N. Y. 1, 13-16; Lambert v. People, 76 N. Y. 220, 226; People v. Frost, 204 Misc. 44, 48.)
In the absence of an admission by the defendant, the essential element of knowledge and willfulness can be established through circumstantial evidence. (See People v. Doody, 172 N. Y. 165, 172-173; Communications Assn. v. Douds, 339 U. S. 382, 411.) Consequently, the jury can infer the state of the defendant’s mind from the proof of the falsity itself, from the proof of the presence of a motive to lie, and from other facts and circumstances tending to establish that the defendant did, in fact, know the things he claimed not to know. (United States v. Sweig, 441 F. 2d 114,117 [2d Cir.], cert. den. 403 U. S. 932; United States v. Magin, 280 F. 2d 74, 78 [7th Cir.], cert. den. 364 U. S. 914; 3 Wharton’s Criminal Law and Procedure [R. Anderson ed.], § 1291.) However, bearing in mind the principle that the guilt *679 of an accused must be proved beyond a reasonable doubt, the inference of knowledge and willfulness should not be drawn if the facts permit a reasonable hypothesis which is inconsistent with an intent to commit perjury on the part of the defendant. (People v. Samuels, 284 N. Y., at p. 417; cf. People v. Wachowicz, 22 N Y 2d 369; People v. Cleague, 22 N Y 2d 363.)
In this case there was sufficient evidence for the jury to infer that the defendant really remembered that he had an interest in Carsan Realty Co., a mortgage loan business, and that there did exist a bank account for such company, when he said he did not. The evidence showed that the defendant and his nephew had signed the partnership certificate for Carsan, and that Carsan maintained a bank account in the partnership name against which defendant and his nephew were authorized to draw checks. Indeed, defendant’s nephew testified that defendant had loaned him $5,000 to help him get the business started. There was proof that one borrower negotiated with defendant for two separate mortgage loans on two different occasions, which were thereupon placed with Carsan, and that this borrower issued to defendant, rather than to Carsan, a check for an interest payment. Moreover, there was evidence of the issuance of a check for $2,509 drawn on the Carsan bank account to Carl Lodi, a name by which the defendant was also known, in exchange for a check payable to the defendant. Surely this evidence was sufficient for the jury to find beyond a reasonable doubt that the defendant willfully lied when he made the statements charged as perjurious.
Though approximately two to three years had elapsed between the defendant’s involvement with Carsan and the Grand Jury inquiry, and the People did not establish any reason to falsify concerning Carsan, these factors do not establish, as a matter of law, that the evidence “ is fully consonant with fallibility of memory” (People v. Samuels, 284 N. Y., at p. 417), especially where, as here, the evidence indicated defendant’s considerable familiarity with Carsan. Rather, these factors were matters which were exclusively within the province of the jury. (Cf. People v. Leonti, 18 N Y 2d 384.)
Accordingly, I vote to reverse the order of the Appellate Division and reinstate the judgment of conviction.
Order affirmed.