Harry Edelstein, J.
The novel question herein is whether a court may hold its sessions in a schoolhouse. Searches of the books indicate that the question was not answered heretofore in New York or in any other American jurisdiction.
*430 The defendant is charged, pursuant to subdivision 1 of section 120.00 of the Penal Law with assault in the third degree. The arraignment was held in the same building as a religious school for girls, and the trial is to be held in a classroom in that schoolhouse. The defendant moves pursuant to CPL 170.25 to require the District Attorney to prosecute the charge by indictment.
Generally, the appropriate place for the sittings of a court and for trials is a courtroom in the courthouse of that court within the jurisdiction of that court. Each court is obligated to hold its sessions at the place designated in accordance with law, not at a place of convenience. (People v Pisano, 142 App. Div. 524, 529 [2d Dept., 1911].) The sittings of a court must be held with regularity at a particular place or at particular places. (Northrup v People, 37 N.Y. 203, 206 [1867].)
Subdivision 1 of section 106 of the Uniform Justice Court Act provides that "[a] justice may hold court anywhere in the municipality”. The Practice Commentary by Professor Siegel states (McKinney’s Cons. Laws of N.Y., Book 29A, Pocket Part 1974-1975, pp 79-80) that subdivision 1 of section 106 of the Uniform Justice Court Act mandates that the sittings of a Justice Court of a village be held within the political limits of that village. Though a literal reading of the section suggests that a village Justice may designate a sitting of the Justice Court "anywhere” in the village, the Legislature in its wisdom could not have intended to empower a town Justice, a village Justice, or a city Justice to designate a place of sitting of a Justice Court arbitrarily or capriciously, or contrary to any legal right or requirement.
The use of a schoolhouse as a courthouse is unlawful, because the right to a public trial is violated thereby. A public trial is a constitutional and a statutory right, preserved for civil and criminal actions and proceedings to all parties thereto and to the citizens of the State. (U.S. Const., 6th Amdt.; 7th Amdt.; 14th Amdt., § 1; N.Y. Const., art I, § 2; art I, § 6; Matter of Oliver, 333 U.S. 257; People v Hinton, 31 NY2d 71, 73; Civil Rights Law, § 12; Judiciary Law, § 4.) At common law as well, "every Court of justice is open to every [citizen].” (Scott v Scott, [1913] A.C. 417, 440 [H.L.] [Earl of Halsbury].) In every jurisdiction in which the heritage of the common law is the bulwark of liberty of a free people, the right to a public trial is preserved. (See, for example, N.Y. Const. 1777, art XXXV; L 1787, ch 1; N.Y. Const., art I, § 2; art *431 I, § 6; art I, § 14; People v Jelke, 308 NY 56; Davis v United States, 247 F 394 [8th Cir., 1917]; Scott v Scott, supra; McPherson v McPherson, [1936] 1 D.L.R 321 [Jud. Comm. P.C.]; Matter of Springman and Darragh, [1968] 1 D.L.R. [3d] 250 [Man. C.A.]; Holt v Willing, [1913] 9 Tas.L.R. 70 [Tas. Sup Ct] [Dobbie, A.J.]). Trials in open court, which spectators may enter of right, have been the tradition and usage of the common law from time immemorial. (Matter of Oliver, supra, p 266, n 14.) "Open court” means "a Court to which the public have a right to be admitted”. (R. v Hamilton, [1930] 30 S.R. N.S.W. 277 [N.S.W. Sup Ct, Street, C.J.].) Exclusive of certain exceptional circumstances, a Judge or Justice has no discretion whether a judicial proceeding is to be open to the public. (People v Jelke, supra; Hearts of Oake Assce. Co., Ltd. v A.-G., [1931] 2 Ch 370, 397 [C.A.] [Romer, L.J.], revd on other grounds [1932] A.C. 392 [H.L.]). As stated by Mr. Justice (now Chief Justice) Freedman, "Publicity is the authentic hallmark of justice.” (Matter of Springman and Darragh, supra, p 251.)
A school building, even if a public building, is not public in the sense that any person may enter therein. (People v Johnson, 6 NY2d 549, 552.) A school building is restricted to teaching (People v Johnson, supra, p 553), and unauthorized presence in a school building is loitering (Penal Law, § 240.35, subd 5; People v Johnson, supra). In the case at bar, the schoolhouse is not owned by the village, but is private, and is for that reason as well not open to the general public. Any building to which access is limited, restricted, or prohibited may not be used for any legal proceeding. (People v Schoonmaker 65 Misc 2d 393, 396; Dando v Anastassiou, [1951] V.L.R. 235, [1951] A.L.R. 629 (Vic. Sup Ct). Moreover, selection as a courthouse or courtroom of a building or room dedicated to religion or permeated with religious symbols is inconsistent with the spirit and intent of the constitutional prohibitions of and fortifications against establishment of religion. (U.S. Const., 1st Amdt; 14th Amdt., § 1; N.Y. Const., art. I, § 3.)
A purported judicial proceeding held in violation of the right to a public trial is a nullity, and must be set aside. (Matter of Oliver, supra; People v Jelke, supra; United States v Brown, 7 USCMA 251, 22 CMR 41 [1956, Latimer, J.]; Davis v United States, supra; People v Hartman, 103 Cal 242; Scott v Scott, supra; Matter of Springman and Darragh, supra; Holt v Willing, supra; R. v Hamilton, supra.) A purported judicial proceeding held in a place prohibited or not authorized is a *432 nullity, and must be set aside. Northrup v People, 37 NY 203 supra; People v Pisano, 142 App Div 524, supra; People v Schoonmaker, supra; Dando v Anastassiou, supra.)
On the ground of the denial of a public trial to the defendant: alternatively,
on the ground of the denial of a public trial to the citizens of the State; alternatively,
on the ground of the sitting of the Justice Court at a prohibited place; alternatively,
on the ground of the sitting of the Justice Court at an unauthorized place,
the purported arraignment is set aside. The defendant’s motion is granted. The People are directed to prosecute the charge by indictment, and to present the matter to the grand jury for such purpose. (CPL 170.25, subd 1.)
The right to a public trial is preserved and guaranteed twice and thrice over, both to the parties thereto and to the People of the State. (Matter of United Press Assns. v Valente, 308 NY 71, 92-93 [Froessel, J., dissenting].) "[I]t is not merely of some importance but is of fundamental importance that justice should not only be done, but should manifestly and undoubtedly be seen to be done.” (Rex v Sussex Justices [1924] 1 KB 256, 259 [Lord Hewart, C.J.], cited in La Rocca v Lane, 47 AD2d 243, 251.) Accordingly, the village Justice is directed to hold all sittings of the Justice Court of the Village of New Square at a place and time, and in a manner, not inconsistent with the constitutional, statutory, and common-law guarantees and requirements of a public trial.