Hon. Paul B. Bergins Corporation Counsel, White Plains
This is in reply to your request for an opinion joined in by Peter J. Mutino, Counsel to the City School District of the City of White Plains, concerning the scope of the police power of the city as it relates to school district property. Specifically, you inquire as to whether or not the police power of the city extends to acts committed in or on school buildings and grounds and whether the power may be exercised without the consent of the board of education.
The Legislature, in exercising its police power, has included schools within the definition of a public place for the purposes of Article 240 of the Penal Law dealing with offenses against public order. In Penal Law, § 240.35 (5), the Legislature enacted a specific provision prohibiting loitering in and around schools and thus recognized that school buildings and grounds have a unique function which justifies the exercise of the police power to regulate actions on school property. InPeople v Johnson, 6 N.Y.2d 549, the Court of Appeals upheld the predecessor of this statute (former Penal Law, § 722-b) and in so doing recognized that the nature of the activity carried on in a school building justifies restrictions on actions in and around school buildings.
In the case of cities, while there may be no specific grant of power to enact legislation relating to acts committed on school property, it appears that the general grant of police power to cities (see e.g., General City Law, § 20 [13]) would authorize the city to enact such legislation providing, of course, that there was a fair, just, and reasonable connection with the acts prohibited and the promotion of the health, safety, and welfare of the community. Cf., People v Bunis,9 N.Y.2d 1, 4.
As we have discovered no statutory limitation on the exercise of the police power as it relates to acts committed on school district property, it does not appear that the consent of the board of education is necessary before the city could enact legislation prohibiting actions inimicable to the public welfare on school property. Since the police power flows from the State, the consent of the school district could not, of course, confer authorization on the city to enact legislation concerning school property.
We note that in previous opinion of this office dated April 25, 1978 construing Village Law, Article 20 we concluded that village ordinances were enforceable by the local police department when violations of such ordinances occur on school district property (a copy of that opinion is enclosed for your information).
We conclude, therefore, that the City of White Plains may, in the exercise of the city's police power, adopt an ordinance without the consent of the city school district prohibiting undesirable acts on school district property or in school buildings, and that violations of such an ordinance or ordinances would be enforceable by the city police.