OPINION OF THE COURT
John P. Wilgus, J.
Criminal action in this case was commenced with the filing of an information in this court on January 14, 1983, charging the defendant with violation of section 210.05 of the Penal Law (perjury in the third degree), one count, and of subdivision 4 of section 224 of the Education Law (falsely representing the receiving of a college or university degree), two counts.
Defendant filed an omnibus motion requesting that the information in this case be dismissed on the grounds that this court lacks jurisdiction; that the information is defective; and that dismissal is required in the interest of justice.
Plaintiff opposed the motion.
The first issue in this case is thgt of whether the Town Court of Starkey has geographical jurisdiction over offenses which are alleged to have been committed at the board of education office in the Dundee Central School, in the Village of Dundee, Town of Starkey, County of Yates, New York.
The precedents cited by the defendant, People v Hattemer (4 AD2d 775, affd 4 NY2d 835) and People v Hickey (40 NY2d 761) are not wholly germane. In Hattemer, the issue was that testimony alleged to be false was given in one *31 county while defendant was indicted in another county (wherein additional Grand Jury testimony had been taken), but which testimony was found to be insufficient to prove the crime charged. The indictment was dismissed, not on jurisdictional grounds, but for want of sufficient evidence. In Hickey, a Town Court issued a search warrant for premises located outside the geographical limits of the town without any allegation or proof that any offense had been committed within the town. The search warrant was held to be jurisdictionally invalid (absent evidence of criminal conduct in the town of issuance of the warrant). At bar, the alleged criminal conduct occurred within the geographical limits of the town (since the village lies wholly within the town). Thus, here the primary issue of legal jurisdiction is much narrower than Hickey.
In the instant case, it appears that the District Attorney was relying on what he presumed to be concurrent jurisdiction held by the Village Court of the Village of Dundee and the Town Court of the Town of Starkey, since the former municipality is located entirely within the latter. While this is a valid assessment as it pertains to civil matters (see UJCA 201, subd b),[1] it is invalid as it pertains to criminal matters (see CPL 100.55, subd 4).[2] The District Attorney’s contention that the People “have the option to commence prosecution either in the Local Criminal Court where the alleged offense was committed or in the Court of another political subdivision if the same is within 100 yards of where the alleged offense occurred” (CPL 20.50, subd 2) is accurate; however, it is not consistent with the facts in this case.
The accusatory instrument which commenced prosecution established the locus of the alleged offenses with particularity, i.e., the office of the board of education in the Dundee Central School, not at some indefinite place on the “school grounds”, portions of which may lie within 100 yards of the Town of Starkey.
*32 Therefore, it is concluded that, as drawn, the information is jurisdictionally defective. The defendant’s motion for dismissal is granted solely upon jurisdictional grounds for the reasons above stated.
Inasmuch as the defendant’s defense has not been affected on the merits, the dismissal is without prejudice and the People have leave to refile in the proper forum.

. “[Tlhe town court and the village court of a village wholly or partly within such town and wherein a court has been established, shall have concurrent civil jurisdiction over causes of action arising within such village.” (UJCA 201, subd b.)

. “An information, a simplified information, a prosecutor’s information or a misdemeanor complaint may be filed with a town court of a particular town when an offense charged therein was allegedly committed anywhere in such town other than in a village thereof having a village court.” (CPL 100.55, subd 4.)