John A. Costa, Esq. Town Attorney, Clarkstown
I am writing in response to your request for an opinion concerning the jurisdiction of justice courts to conduct bedside arraignments of defendants requiring hospitalization.
Your letter notes that the Town of Clarkstown is situated in Rockland County, and that there are no hospitals within the town. When persons who are arrested require medical attention, they are taken to Nyack Hospital, located in the Village of Nyack, Town of Orangetown, which is adjacent to the Town of Clarkstown. If the defendant requires extensive treatment or hospital admission, the police officer will be unable to bring them promptly before a court within the Town of Clarkstown for arraignment.
Your first question is whether a Town of Clarkstown justice may arraign an arrested person in a hospital outside the town, but within the county.
Section 106 of the Uniform Justice Court Act (UJCA) governs where a town justice may exercise the powers of the town justice court:
 "A justice may hold court anywhere in the municipality including in the case of a town justice anywhere within a village wholly or partly contained within the town of which he is a justice . . ." (UJCA, § 106
[1]).
The unequivocal authorization to hold court "anywhere" within the municipality enables the judge to conduct the arraignment at the bedside of a defendant hospitalized within the municipality (see People vSalazar, ___ Misc.2d ___, 519 N.Y.S.2d 589, 590 [Sup Ct, Bronx Co, 1987]; see generally, People v Rose, 82 Misc.2d 429 [Rockland Co Ct, 1975]; People v Schoonmaker, 65 Misc.2d 393 [Greene Co Ct, 1971]). The Court of Appeals has found, however, that under section 106 town courts may not lawfully hold court outside the town limits (People v Shepherd,68 N.Y.2d 841, 843 [1986]). Accordingly, the Clarkstown town justice would be without authority to conduct a bedside arraignment at a hospital in an adjacent town.
You have also asked whether a village justice is obligated to conduct a bedside arraignment of a defendant hospitalized within the village who was arrested in an adjoining town on a felony charge, either pursuant to an arrest warrant, or without a warrant.
If the individual is arrested by a police officer pursuant to a warrant, the arraignment procedure is governed by article 120 of the Criminal Procedure Law (CPL). Arrest warrants are issued by local criminal courts following the filing of an accusatory instrument in that court (CPL, § 120.10 [1]).* The sole purpose of the warrant is to bring the defendant before the court for arraignment on the charge contained in the accusatory instrument (ibid.). Section 120.30 notes that an arrest warrant may be issued only by a local criminal court with which an underlying accusatory instrument has been filed (id., § 120.30 [1]). This section further provides that such warrants "may be made returnable in such issuing court only" (ibid. [emphasis supplied]). Thus, a person arrested pursuant to an arrest warrant issued by the Town of Clarkstown justice court must be brought before that court for arraignment.**
The CPL does, however, allow flexibility in choice of courts for filing accusatory instruments and for arraignment of defendants following arrests pursuant to warrants. Section 100.55 determines the courts in which accusatory instruments may be filed. Felony complaints may be filed with any town court or village court of the county in which the felony was allegedly committed (id., § 100.55 [6]).***
"Such court need not be that of the town or village in which such felony was allegedly committed" (ibid.). Thus, the village court would obtain jurisdiction over the defendant if the accusatory instrument is withdrawn and filed anew with the village court pursuant to article 120 of the Criminal Procedure Law. Such filing is permitted under CPL, § 100.55
(6) and would authorize that court to issue an arrest warrant and arraign the defendant. Such refiling would not prejudice the defendant in any way and is, accordingly, permissible* (see People v Miller, 120 Misc.2d 30,32 [Starkey Town Ct, 1983]). Indeed, under section 100.55, the complaint could be filed in any town or village court within the county in which the offense was allegedly committed.
In the case where the arrest is made on a felony charge, without a warrant, the arresting officer has some choice in determining the court in which to file the accusatory instrument. Section 140.20 governs warrantless arrests by police officers and charges the officers with the duty to bring the arrested person "before a local criminal court and file therewith an appropriate accusatory instrument charging him with the offense or offenses in question" (id., § 140.20 [1]). As noted earlier, section 100.55 allows a felony complaint to be filed in any town or village court within the county in which the offense was allegedly committed. Following the arrest of a defendant, and his confinement to the hospital, the arresting officer could then file the accusatory instrument in the village or town which encompasses the hospital. This would validly invoke the jurisdiction of the court, requiring the justice to act.**
We conclude that a town justice may not conduct a bedside arraignment of a defendant confined to a hospital outside the town. Jurisdiction in an appropriate local criminal court may be obtained over this defendant under the provisions of the Criminal Procedure Law.
* This section provides:
 "1. A warrant of arrest is a process issued by a local criminal court directing a police officer or a peace officer appointed by the state university to arrest a defendant designated in an accusatory instrument filed with such court and to bring him before such court in connection with such instrument. The sole function of a warrant of arrest is to achieve a defendant's court appearance in a criminal action for the purpose of arraignment upon the accusatory instrument by which such action was commenced."
** Sections 120.40 and 120.90 of the CPL authorize a court, when issuing an arrest warrant, to attach additional copies of the accusatory instrument. When the issuing court is unavailable, the copies can form the basis for the arraignment of the defendant before the town court of an adjoining town (id., §§ 120.40, 120.90). These provisions, however, only govern the situtaion where the town court is unavailable and are not applicable to the facts of your letter. In the scenario you presented, the court is available, but the defendant is confined to a hospital beyond the court's jurisdiction.
*** This sections provides:
 "6. A felony complaint may be filed with any town court or village court of a particular county when a felony charged therein was allegedly committed in some town of such county. Such court need not be that of the town or village in which such felony was allegedly committed."
 Subdivision 7 provides similarly for judges of superior courts sitting as a local criminal court:
 "7. An information, a simplified information, a misdemeanor complaint or a felony complaint may be filed with a judge of a superior court sitting as a local criminal court when an offense charged therein was allegedly committed in a county in which such judge is then present and in which he either resides or is currently holding, or has been assigned to hold, a term of a superior court."
* Once the jurisdiction of the village court is validly invoked, the village justice is required to act (UJCA, § 106).
** We also note that the transfer of non-felony actions from one local criminal court to another is governed by CPL, § 170.15.