The People of the State of New York, Respondent,
against
Sigfredo Morales, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Felicia A. Mennin, J.), rendered November 23, 2015, convicting him, upon his plea of guilty, of loitering (Penal Law § 240.35[6]), and imposing sentence.




Per Curiam.
Judgment of conviction (Felicia A. Mennin, J.), rendered November 23, 2015, affirmed. 
Penal Law § 240.35(6) prohibits one from loitering or remaining in a transportation facility, unless specifically authorized to do so, "for the purpose of soliciting or engaging in any business, trade or commercial transactions involving the sale of merchandise or services, or for the purpose of entertaining persons by singing, dancing or playing any musical instrument." The underlying accusatory instrument charged defendant with violating Penal Law § 240.35(6), based on allegations that, at a specified date, time and subway station, he approached a New York City police officer and, without permission or authority, offered to sell, and sold, a Metrocard to the officer in exchange for four dollars.
We reject defendant's claim that Penal Law § 240.35(6) is unconstitutionally vague (see People v Stuart, 100 NY2d 412, 421-425 [2003]). The statute is "sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute," and also provides "explicit standards for those who apply them so as to avoid resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application" (People v Nelson, 69 NY2d 302, 307 [1987] [internal quotation marks and citations omitted]).
Nor is the statute inherently contradictory because, according to defendant, it proscribed loitering with a specific purpose. To the contrary, the Court of Appeals considers the prohibition of loitering for a particular purpose to be a hallmark of constitutionality, not an infirmity, because a statute that prohibits loitering, without more, is unconstitutionally vague (see People v Bright, 71 NY2d 376, 383 [1988]; People v Berck, 32 NY2d 567, 571 [1973], cert. denied 414 US 1093 [1973]). Indeed, the loitering statutes that the Court of Appeals has upheld against attacks on the ground of vagueness were sustained precisely because they prohibited loitering for a specific [*2]purpose or loitering in a specific place of restricted public access (see e.g., People v Smith, 44 NY2d 613, 620 [1978] [upholding statute banning loitering for the purpose of prostitution]; People v Pagnotta,25 NY2d 333, 337-340 [1969][upholding statute banning loitering for the purpose of using narcotics]; People v Johnson, 6 NY2d 549, 552 [1959][upholding statute banning loitering on school grounds]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur  I concur  I concur
Decision Date: March 31, 2017