Fer Curiam.

Although neither party has challenged the validity of the legislative mandate that the certification and sentence of a narcotics addict, after a jury trial in the Supreme Court, be deemed a judgment of the court in which the verdict of guilty was entered (Mental Hygiene Law, § 208, subd. 3), the dissent would have us hold that such provision is unconstitutional. It is contended that the attempt to ‘ ‘ deem ’ ’ an order of certification by a Supreme Court Judge to be “ a judgment of the court in which the plea or verdict was entered ” (i.e., the New York City Grim. Ct.) runs afoul of the constitutional limitation of subdivision d of section 8 of article VI of the New York State Constitution. That provision, in relevant part, authorizes the grant of jurisdiction to an Appellate Term of the Supreme Court ‘ ‘ to hear and determine appeals now or hereafter authorized by law to be taken to the supreme court or to the appellate division other than appeals from the supreme court ”. (Emphasis supplied.) It is argued that for this court to determine whether error was committed by a Supreme Court Justice presiding at the certification hearing would constitute “an inadmissible review by us of the rulings of a Judge of co-ordinate jurisdiction. ’ ’
While any court may refuse, on its own motion, to proceed with a cause when its lack of jurisdiction is apparent (Shea v. Export S. S. Corp., 253 N. Y. 17), the exercise of the power to declare a *725 legislative act unconstitutional is a grave responsibility. In conformity with the traditional policy of the courts to construe statutes in such a manner as to uphold their constitutionality, it is well established that a statute must be presumed to be constitutional unless its repugnancy to the Constitution clearly appears and every rational and reasonable presumption must first be indulged in favor of the statute.
In the opinion of the majority, one 11 rational and reasonable presumption ” is that the drafters of the constitutional language which troubles the dissent, i.e., that the Appellate Term shall have jurisdiction to hear and determine appeals ‘ ‘ other than appeals from the supreme court ’ ’, intended that language to mean “other than appeals from actions originating in the supreme court.” (Compare the language of subdivision [a] of OPLR 5701, “ An appeal may be taken to the appellate division as of right in an action, originating in the supreme court ”.) (Emphasis added.) Of course, the instant action is not one originating in the Supreme Court. For the sake of convenience and orderly procedure, the Legislature directed that the hearing on addiction be transferred to a court physically capable of conducting a jury trial; the action, however, originates and remains in the Criminal Court. This procedure, whereby there is a limited transfer of a matter to a court better equipped to try an evidentiary question — with the ultimate determination remaining one of the originating court — is hardly novel in our practice (see, e.g., CPLR 7804, subd. [h]).
The contention that every Justice of the Supreme Court (a court of original general jurisdiction) shares co-ordinate jurisdiction with this appellate tribunal is a highly debatable one. Even if that contention were valid, however, the practice of Supreme Court Justices sitting in review of rulings of fellow Supreme Court Justices is one which necessarily occurs with some frequency, without noticeable damage to the fabric of our judicial system — for example, upon proceedings for the vacatur of provisional remedies previously granted, upon habeas corpus proceedings, upon certain bail proceedings, upon some applications for certificates of reasonable doubt, and even upon the modification of relief previously granted in orders to show cause.
Problems of comity and judicial sensibilities aside, there does not appear to be any demonstrable prejudice to the defendant by virtue of the questioned procedure. The defendant still retains the right of appeal, as of right, to an intermediate appellate tribunal with leave to apply for a further appeal to the Court of Appeals.
The judgment of conviction should be affirmed.