Douglas F. Young, J.
Defendant moves to dismiss the indictment on various grounds which will be referred to hereinafter.
(A) Defendant moves for an order to inspect the grand jury minutes and to dismiss the indictment. The motion to inspect the grand jury minutes is granted and the court after reading the grand jury minutes is satisfied that the evidence presented is legally sufficient to sustain the indictment. The motion to dismiss the indictment under this phase of the motion is denied.
(B) The second ground advanced for dismissal is that the grand jury proceedings were defective because the Grand Jury was unconstitutionally selected from a group from which a specific segment of the population was intentionally excluded, particularly those persons mentioned in section 665-a of the Judiciary Law. Section 665-a of the Judiciary Law states: "The following persons shall be ineligible to serve as jurors: Any person who is knowingly a member of the communist party or any party or organization which advocates, advises or teaches the duty, necessity, desirability, or propriety of overthrowing or destroying the government of the United States, the government of any state, territory, district or possession thereof, or of any political subdivision therein, by force or violence, or who refuses to take the oath as provided by this law.”
In Carter v Jury Commission (396 US 320, 332-333), the court stated: "It has long been accepted that the Constitution does not forbid the States to prescribe relevant qualifications for their jurors * * * 'Our duty to protect the federal constitutional rights of all does not mean we must or should impose on states our conception of the proper source of jury lists, so long as the source reasonably reflects a cross-section of the population suitable in character and intelligence for that civic duty.’ ”
In Taylor v Louisiana (419 US 522, 538), the court stated: "The States remain free to prescribe relevant qualifications *533 for their jurors and to provide reasonable exemptions so long as it may be fairly said that the jury lists or panels are representative of their community.”
Question 12 of the jurors’ qualification questionaire reads: "Are you knowingly or have you ever knowingly been a member of the communist party, or any party or organization which advocates, advises or teaches the duty, necessity, desirability or propriety of overthrowing or destroying the government of the United States, the government of any state, territory, district or possession thereof, or of any political subdivision therein, by force or violence?” (Emphasis added.)
Implicit in the question (and likewise in the statute) is scienter of the purposes of the party or organization to advocate, advise or teach the "duty, necessity, desirability or propriety of overthrowing or destroying the government * * * by force or violence.” It necessarily means more than innocent action of a person "because one of the great weaknesses of all Americans, whether adult or youth, is to join something”. (Wieman v Updegraff, 344 US 183, 190.)
However, dependence upon a requisite of scienter does not necessarily save a statute which is overbroad in its application. "Mere knowing membership without a specific intent to further the unlawful aims of an organization is not a constitutionally adequate basis for exclusion for such positions.” (Keyishian v Board of Regents, 385 US 589, 606).
The reported cases involving penalties for membership in Communist or other organizations chiefly deal with Bar admission, labor union officership, educators and other public employees. I have found little relating to qualification as a juror.
In one case justification for setting loyalty standards for jurors was stated as follows: "Juries, in particular grand juries, have always been considered an arm of the court; they perform a guasz-judicial function in our present judicial structure. * * * In so doing the grand jury must accept the law as it is written; otherwise the criminal laws would be virtually unenforceable. Likewise, the petit jury must accept the law as it is charged to them by the trial judge; otherwise their findings would be inconsistent and chaotic. Therefore, in order for the jury system to function, jurors themselves must be loyal to the government and the laws which it promulgates. * * * the real interest of the State is in its right to self-preservation. For if the jury fails to function properly and condones criminal acts, anarchy and lawlessness are sure to *534 result and the jury system itself would be destroyed.” (State v Smith, 102 NJ Super 325, 336-337, affd 55 NJ 476.)
The court has found only one discussion of section 665-a of the Judiciary Law. It is interesting to note that the issue of constitutionality was raised by the author of the article, albeit on a due process ground rather than on the equal application issue or on a right of free association and free expression ground. (21 Albany L Rev 150.)
Section 665-a is contained in article 18 of the Judiciary Law which is titled "Jurors in counties outside cities having a population of one million or more.” (Emphasis supplied.) Article 17 of the Judiciary Law which is titled "Jurors in counties within cities having a population of one million or more” does not have a similar ineligibility section. (Emphasis supplied.) The reason for the differentiation is shrouded in mystery. The court cannot offer a logical explanation for this disparity in eligibility for jury service.
The terms of this statute seem not to be in harmony with the more recent holdings of the Supreme Court (by sharply divided votes) in cases involving teachers and attorneys (see Keyishian v Board of Regents, 385 US 589, supra; and Baird v State Bar of Arizona, 401 US 1; and for an exhaustive treatise on the right of association, see 33 L Ed 2d 865).
Thus far, this discussion has leaned in the direction of the defendant’s contention but this is not the last word.
The Court of Appeals has held in People v Pagnotta (25 NY2d 333, 337): "There is a strong presumption that a statute duly enacted by the Legislature is constitutional. Indeed, we have held that in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt. (Matter of Van Berkel v Power, 16 NY2d 37, 40.)”
I adopt also the words of Judge McQuillan: "A personal point of view is, of course, an inadequate basis for a judicial declaration of invalidity. Unconstitutionality must be shown beyond a reasonable doubt before a statute may be nullified. Where a particular statute has a daily statewide applicability, a trial court must necessarily act with extreme constraint.” (People v Hamilton, NYU, Dec. 26,1974, p 15, col 8.)
The Legislature has put it thusly:
"A statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such conclusion is inescapable. Courts of first instance should not exercise *535 transcendent power of declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty, and where the invalidity of the act is apparent on its face.” (McKinney’s Cons. Laws of N.Y., Book 1, Statutes, § 150, subd a, pp 312-313.)
The defendant has failed to persuade the court that in this case it should disregard the principle of judicial restraint applying to attacks on statutes on constitutional issues in nisi prius courts.
It is not the function of the court to legislate. However, in view of the discussion above and the recent decisions construing the constitutionality of exclusions and restrictions upon jury eligibility (see Peters v Kiff, 407 US 493; Taylor v Louisiana, 419 US 522, supra), the court respectfully suggests that the Legislature amend the Judiciary Law by repealing section 665-a.
Defendant has failed to meet his burden in this instance. This phase of defendant’s motion is denied.
(C) Defendant moves to dismiss the indictment under this subdivision of this motion on the ground that "the integrity of the Grand Jury was impaired and prejudiced” by the issuance of a welcoming notice by the District Attorney.
The court feels this argument merits no discussion and this phase of the motion is denied.