Edward S. Conway, J.
This is a motion by the plaintiff for an order for summary judgment for the relief requested in the complaint pursuant to CPLR 3212.
The action on which the instant motion is predicated is one for a declaratory judgment that certain terms of an agreement between the State of New York and the Civil Service Employees Association, Inc., hereinafter referred to as CSEA, providing for grievance procedures and binding arbitration in the settlement of disciplinary matters are unenforceable against the plaintiff in that they constitute a deprivation of his constitutional rights to due process and equal protection of the law.
Plaintiff is an employee of the State of New York, holding a *17 permanent competitive class position in the State Department of Correctional Services. On December 24, 1974, plaintiff was served with an amended notice of discipline charging him with certain specific acts of misconduct in the performance of his duties. He was also suspended without pay from his position pending a determination of disciplinary proceedings conducted in accordance with article 33 of an agreement between the State of New York and the CSEA. The State and CSEA agreed to replace the disciplinary and appeal procedures of sections 75 and 76 of the Civil Service Law for employees to whom the agreement applied, with the grievance and binding arbitration provisions of articles 33 and 34.
Plaintiff in his complaint alleges that the terms of article 33 under which the State seeks to proceed, violate his constitutional right of due process and impair his alleged pre-existing contractual rights as an employee of the State of New York, and are not binding upon him.
Article 33 provides in effect that when an employee is charged with misconduct and the State of New York seeks his dismissal, a hearing shall be conducted by a single independent hearing officer or arbitrator. The hearing officer would then make his decision which shall be final and binding upon the parties. No appeal or review of said decision is provided for except as specified in CPLR article 75.
In a recent case virtually identical to the instant one (Hackett v State of New York, Chemung County Sup Ct, Special Term, Jan. 20, 1975), Justice Frederick B. Bryant upheld the constitutionality of a similar disciplinary article negotiated for the Security Service Unit in that case by Council 82, AFSCME, AFL-CIO. With reference to the contention that the employee organization could not bind plaintiff to the replacement of the former disciplinary procedures, the court held: "The right to bargain collectively and enter into a contract binding on both employer and employee is a part of the State’s policy to foster harmonious relations between employer and employee. Certainly there are employees within a unit who would prefer to go their own way. There are also employers who would prefer to deal with their employees on an individual basis. But the public interest in labor peace has resulted in the adoption of a public policy and implementing statutes which require that dissident individuals yield to the majority and accept the provisions of a labor contract made by the authorized representative on behalf of the group. And the *18 Courts have consistently recognized, not only the right of the parties to so contract, but the binding effect of such agreements on employer and employee. See, Board of Education, U.F.S.D. No. 3, Town of Huntington v Associated Teachers of Huntington, 30 NY2d 122.
"The plaintiff has been the beneficiary of whatever benefits the contract in question may have provided. He may prefer that other provisions had been made concerning disciplinary proceedings or other aspects of his employment. But in accordance with the clear intent of both the Labor Law and the Civil Service Law, he is bound by the terms of this agreement. No substantial due process rights have been surrendered in the bargaining process but the procedures prescribed by sections 75 and 76 C.S.L. have been replaced by others. These procedures should be promptly pursued in the instant case.”
It seems well settled by both State and Federal decisions that the requirements of due process are satisfied where the accused is given notice of the charges against him and is afforded an opportunity to be heard; to be represented by counsel and to cross-examine witnesses; and is advised of the decision on the charges against him and the reasons therefor. Here, under article 33, the employee must receive a written notice of charges. If he denies the charges and demands a hearing, he is entitled to representation by counsel, to cross-examine and to summon witnesses.
A statute is presumed to be valid and constitutional and the one challenging the statute has the burden of showing the contrary (Paterson v University of State of N. Y., 14 NY2d 432); and every reasonable presumption must be indulged in in favor of the statute (People v Arez, 64 Misc 2d 723, affd 28 NY2d 764).
Accordingly, the plaintiffs motion for summary judgment is denied and summary judgment is granted to the defendants declaring the challenged provisions constitutional.