OPINION OF THE COURT
Memorandum.
The order of the County Court should be reversed and in each case the information should be dismissed.
The statute challenged on these appeals (Penal Law, § 240.35, subd 3), which prohibits loitering “in a public place for the purpose of engaging, or soliciting another person to engage, in deviate sexual intercourse or other sexual behavior of a deviate nature” must be viewed as a *938 companion statute to the consensual sodomy statute (Penal Law, § 130.38) which criminalized acts of deviate sexual intercourse between consenting adults. We held in People v Onofre (51 NY2d 476) that the State may not constitutionally prohibit sexual behavior conducted in private between consenting adults. The object of the loitering statute is to punish conduct anticipatory to the act of consensual sodomy. Inasmuch as the conduct ultimately contemplated by the loitering statute may not be deemed criminal, we perceive no basis upon which the State may continue to punish loitering for that purpose. This statute, therefore, suffers the same deficiencies as did the consensual sodomy statute. Because the statute itself is devoid of a requirement that the conduct proscribed be in any way offensive or annoying to others, the challenged statute cannot be categorized as a harassment statute.
The dissent improperly reads into this holding a blanket proscription upon all statutes directed against conduct of this nature. We do not hold that the Legislature cannot enact a law prohibiting a person from accosting another in an offensive manner or in an inappropriate place even if the underlying purpose is not a violation of law. The Legislature could also prohibit solicitation for the purpose of performing the object conduct in a public place. On the contrary, statutes of this general nature when properly drafted have been upheld by the courts. However, it is apparent from the wording of this statute that it was aimed at proscribing overtures, not necessarily bothersome to the recipient, leading to what was, at the time the law was enacted, an illegal act.
The dissenter’s perception of the basis for our conclusion of unconstitutionality is inaccurate and confuses the defendants’ argument with our holding; we have neither discussed nor decided any overbreadth questions by implication or otherwise.