OPINION OF THE COURT
Ernest Bianchi, J.
These matters appeared before me in Part AP-1, and each matter is now before me for all purposes.
The defendant, Anthony Guilbert, is charged with criminal possession of stolen property in the third degree (Penal Law, § 165.40) and loitering (Penal Law, § 240.35). On July 27,1983, his motion to dismiss the loitering charge as well as his motions to suppress statements and physical evidence were summarily denied. The defendant now moves to dismiss the charge of loitering on the grounds that subdivision 7 of section 240.35 of the Penal Law violates the due process clause of the Fourteenth Amendment as well as the Fourth and Fifth Amendments to the United States Constitution.
The defendant, Lyndon Garbutt, is charged with fraudu-, lent accosting (Penal Law, § 165.30) and loitering (Penal Law, § 240.35, subd 7). He also moves to dismiss the loitering charge on the grounds that the same subdivision of the loitering statute is unconstitutional.
Courts of original jurisdiction entertain questions regarding the constitutionality of a penal statute with the *695 greatest reluctance (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150). Penal statutes, like all other legislative enactments, enjoy the presumption that the Legislature has investigated and found the existence of a situation which indicates the particular legislation is needed, or is in fact desirable (East N. Y. Sav. Bank v Hahn, 293 NY 622, affd 326 US 230; Matter of Van Berkel v Power, 16 NY2d 37). Therefore, a statute is presumed to pass constitutional muster, and this presumption may only be rebutted by proof presented by the party attacking the statute which demonstrates its invalidity beyond a reasonable doubt (Matter of Van Berkel v Power, supra; People v Pagnotta, 25 NY2d 333). Only in the face of such proof, and only as a last unavoidable resort, with no other option for disposing of the particular matter should a court properly strike down legislation as violative of the Constitution.
Accordingly, while employing a measure of judicial restraint, the court considers the defendants’ instant motions.[1]
Subdivision 7 of section 240.35 of the Penal Law defines the violation of loitering as:
“A person is guilty of loitering when he * * *
“Loiters or remains in any transportation facility, or is found sleeping therein, and is unable to give a satisfactory explanation of his presence.”
Loitering statutes have long produced challenges to both the State and Federal courts regarding their constitutionality. Inherent in the drafting of such statutes are the vagueness and imprecision of the language employed to define terms of a basically amorphous nature. Moreover, the potential for abuses such as the discriminatory and arbitrary .enforcement of these provisions by police officers provide fertile grounds for the successful challenge of these statutes (see Kolender v Lawson, 461 US_, 103 S Ct 1855; Papachristou v City of Jacksonville, 405 US 156; People v Uplinger, 58 NY2d 936; People v Berck, 32 NY2d 567).
*696 A review of the leading appellate opinions deciding the constitutionality of various loitering statutes is quite revealing. Generally, the statutory scheme through which the loitering legislation is drafted present three major varieties or theories of the violation, which appellate courts treat differently when reviewed for constitutional violation.
First, there are general loitering statutes which prohibit an individual from remaining or wandering through public places without apparent reason or under suspicious circumstances, and fails to reasonably satisfy the inquiry of a peace officer as to his identity, conduct or purpose. Statutes of this variety (see, i.e., Penal Law, § 240.35, former subd 6) invariably fail to win constitutional approbation in both State and Federal courts. In People v Berck (supra) the Court of Appeals determined that such a statute[2] was void for vagueness in that it “ ‘ “fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden * * *” United States v. Harriss, 347 U.S. 612, 617’ ” (at p 569, citing from Papachristou v City of Jacksonville, 405 US 156, 162). The court determined that the statute’s failure to prohibit any identifiable act or omission, as well as the potential for arbitrary and discriminatory enforcement, encouraged by the unfettered discretion left to police were violative of both State and Federal due process. Therefore, the court concluded the statute was fatally defective and not possibly the subject of any possible remedial or limiting construction (see, also, People v Diaz, 4 NY2d 469).
Similarly the United States Supreme Court, in its recent opinion Kolender v Lawson (supra), found a California statute almost identical to the one presented in Berck (supra) to be unconstitutionally vague. The court held that the subject legislation failed to provide citizens and law enforcement with minimal guidelines as to what constitutes criminal behavior and, therefore, would permit “ ‘a *697 standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections’.” (Kolender v Lawson, 461 US, at pp_,_; 103 S Ct, at pp 1858-1859, citing Smith v Goguen, 415 US 566, 575.) Furthermore, Justice O’Connor, writing for the court indicated that the statute’s criminalizing of an individual’s failure to answer questions put to him by a police officer raised serious Fifth Amendment implications.[3]
A second classification of loitering statute is that which prohibits loitering for a particular purpose, such as soliciting or engaging in sexual behavior of a deviate nature, or for the purpose of prostitution, or for the purpose of possessing or using a narcotic substance. These cases turn on a determination of whether the underlying conduct, the purpose of which one is prohibited from loitering, is adequately and effectively defined.
In People v Pagnotta (25 NY2d 333, supra) the Court of Appeals found the predecessor to section 240.36 of the Penal Law, which prohibited loitering for the purpose of unlawfully using or possessing controlled substances, not to be defined in terms so vague that it must be declared unconstitutional. The court found the restrictions placed on an individual were entirely reasonable and properly motivated to protect the public welfare from the ravages of narcotics use and violent crime which so often accompany it.
Similarly, in People v Smith (44 NY2d 613) the Court of Appeals considered defendant’s challenge to section 240.37 of the Penal Law, which prohibits loitering for the purpose of engaging in prostitution, on the ground that the statute vested unfettered discretion in the hands of police and, therefore, is void for vagueness. The court rejected these contentions and found that the statute satisfied a two-part test which the due process clause imposes on a criminal statute. Specifically, the court found that the statute was sufficiently definite as to provide adequate notice as to what conduct is forbidden by the legislation, and that the statute contained explicit standards for law enforcement officials “so as to avoid ‘resolution on an ad hoc and *698 subjective basis, with the attendant dangers of arbitrary and discriminatory application’ (Grayned v City of Rockford, 408 US 104, 108-109).” (People v Smith, at pp 618-619.) While citing Pagnotta (supra), the court held that because the statute limited its application to prevent loitering for a specific criminal purpose, it was not plagued by the same inadequacies and shortcomings as were the general loitering enactments struck down in Berck (supra) and Diaz (supra).
However, in People v Uplinger (58 NY2d 936, supra), the court declared that subdivision 3 of section 240.35 of the Penal Law, which prohibited loitering “for the purpose of engaging, or soliciting another person to engage, in deviate sexual intercourse or other sexual behavior of a deviate nature” was unconstitutional. The court held that in light of its decision in People v Onofre (51 NY2d 476), which struck down the consensual sodomy statute (Penal Law, § 130.38) on the ground that it violated the equal protection clause of the Fourteenth Amendment, the alleged criminal conduct by which one was prohibited to loiter in connection therewith was no longer capable of being specifically defined. Accordingly, the statute was not preventing loitering for a specific, unlawful purpose and, therefore, it stood in no better position than the generalized loitering statutes declared unconstitutional in Berck (supra) and Diaz (supra).
The third classification of loitering statutes are those which seek to prohibit loitering at a particular location, such as school facilities, waterfront facilities, or as in the case at hand, “transportation facilities.” Without exception, legislative enactments of this variety have survived constitutional review by appellate courts if the specific locations where loitering is prohibited are adequately defined and if the prohibition is reasonably related to the public good. Pursuant to this analysis, the Court of Appeals in People v Johnson (6 NY2d 549) determined that a prohibition against loitering at an educational facility satisfied the due process clause of the State and Federal Constitutions. Similarly, in People v Merolla (9 NY2d 62), the court held that an ordinance which prohibited loitering, “without a satisfactory explanation” within 500 feet of *699 the Port of New York was not unconstitutional. Moreover, the Merolla court determined that the “satisfactory explanation” provision did not render the statute unconstitutionally vague. Rather, it served to restrict the application of the statute to the advantage of the accused, while imposing a procedural condition on the police rather than adding a substantive element to the offense.
In People v Bell (306 NY 110), the court passed on the constitutionality of the predecessor[4] to the loitering statute (Penal Law, § 240.35, subd 7) challenged herein. The court determined that loitering is a term of common usage, whose meaning is well understood, particularly in the context of specific locations such as railway facilities. Additionally, the court found that the statute was reasonably related to the welfare of the public at large.
The court stated: “The legislative intent in this instance appears to have been to prevent persons from infesting subway[s], elevated or other railway stations who have no occasion to be there. The danger to the public is well understood which arises from the congregation of nondescript characters at such locations, particularly at night, where degenerates, or even ‘boisterous, noisy cut-ups’ * * * may become * * * anything from a public nuisance to a serious menace.” (People v Bell, supra, at p 113.)
Furthermore, in Bell (supra) the court for the first time examined a statute containing a “satisfactory explanation” clause. Therein, the court instituted the analysis, later cited with approval in Merolla (supra), that the provision is nothing more than a procedural condition to the enforcement of the statute, which serves to restrict its application and thereby benefits the accused.
The only reported decision concerning the instant statutes revealed by the court’s research is the 1974 New York County Criminal Court matter, People v Velazquez (77 Misc 2d 749). In a very scholarly and exhaustive analysis of the due process considerations presented by loitering legislation, the court held that subdivision 7 of section *700 240.35 of the Penal Law was unconstitutional on the grounds of excessive vagueness and also because the “satisfactory account” provision violated due process since “it ‘requires those of whom it is demanded to choose between a possible loitering prosecution predicate^] on their silence and possible self incrimination predicated on what statement they make.’ (People v. Berck, supra, p. 574.)” (People v Velazquez, p 757.)
However, this court’s research reveals that the Velazquez opinion (supra), has been rarely cited nor has any appellate court considered its holdings. Therefore, while Velazquez is persuasive, it is not binding authority with regard to the constitutional issue presented herein.
In an attempt to synthesize the holdings and opinions of the cases previously discussed, the court finds it significant that in People v Berck (32 NY2d 567, supra), the Court of Appeals cited the Bell, Johnson and Merolla cases (supra) with approval for the proposition that statutes which prohibit loitering at a specific location were sustainable because the prohibited behavior was properly restricted to specific facilities where the likelihood of illegal activity was notorious. However, later in the Berck decision, the court without citing either Bell or Merolla, denigrated the “reasonable account” provision in most harsh and disapproving terms. The court states: “Similarly, enforcement of the law depends entirely upon whether the arresting officer is satisfied that a suspect has given — as required by the statute to avoid arrest — a ‘reasonably credible account of his conduct and purposes’. As has been said with respect to such ‘satisfactory account’ requirements in vagrancy statutes, ‘It takes little imagination to perceive that the “reasonable account” (or “good account” or “satisfactory account”) requirement of the ordinary vagrancy law operates simply as a charter of dictatorial power to the policeman.’ * * * Thus, whether or not a suspect is hauled off to jail for suspicious loitering depends, for all intents and purposes, upon the whim of the policeman” (People v Berck, at p 571).
Therefore, a careful reading of the Berck, Papachristou and Kolender decisions (supra), when coupled with the observation that Bell (supra), was decided long before *701 appellate courts expressed concern for the Fourth and Fifth Amendment rights of individuals suspected of criminality in Mapp v Ohio (367 US 643), Miranda v Arizona (384 US 436), Terry v Ohio (392 US 1), Dunaway v New York (442 US 200) and their progeny, encourages the court to share the view of the Velazquez court (supra), that the holding of Bell (supra) is now of very doubtful vitality.
However, in light of the extremely heavy burden confronting the party who challenges the constitutionality of a statute, and the presumption favoring the constitutionality of legislation so attacked, the court’s analysis of the Bell decision (supra), is not dispositive of the issues presented herein.
Rather, the court must consider the realities of our society and the broad implications of its ruling. For within the geographical jurisdiction of this county are two of the world’s busiest international airports and innumerable subway, railroad and enclosed bus stations and terminals. I am impressed that there is indeed a reasonable relationship between the welfare of the public at large, and the concern and efforts of the Legislature to insure the safety of the many patrons who utilize transportation facilities which too often serve as the setting of society’s most violent crimes.
Therefore, although the statute is by no stretch of the imagination a monument to legislative craftsmanship, and its “satisfactory explanation” provision is constitutionally nettlesome, the court is constrained to reject the Velazquez (supra) holding and conclude that the defendants have failed to discharge their burden of proving the statute’s constitutional invalidity beyond a reasonable doubt. Accordingly, the defendants’ motions to dismiss the loitering charges are denied.
However, as to the defendant Guilbert, the court notes there exists the possibility that his arrest served as a mere pretext to provide a predicate for the search which revealed the alleged stolen property. (See People v Malloy, 22 NY2d 559.) Therefore, upon reconsideration, the court grants the defendant’s motions to suppress to the extent a Mapp! Huntley type hearing will be conducted on a date convenient to the court.

. The court is aware that pursuant to section 71 of the Executive Law, the court may order the challenging party to notify the Attorney-General of New York State upon a challenge to a State statute on constitutionality grounds. However, the court finds that motion papers submitted by defense counsel and the District Attorney have more than adequately framed all issues herein presented.

. Former subdivision 6 of section 240.35 of the Penal Law in pertinent part provided:
“A person is guilty of loitering when he * * *
“Loiters, remains or wanders in or about a place without apparent reason and under circumstances which justify suspicion that he may be engaged or about to engage in crime, and, upon inquiry by a peace officer, refuses to identify himself or fails to give a reasonably credible account of his conduct or purposes”.

. Justice Brennan in a concurring opinion stated that such a statute violated an individual’s Fourth Amendment rights against unreasonable searches.

. Subdivision 2 of section 1990-a of the former Penal Law in pertinent part provides as follows: “Any person who loiters about any toilet, station or station platform of a subway or elevated railway or of a railroad, or who is found sleeping therein or thereon and who is unable to give satisfactory explanation of his presence is guilty of an offense.”