OPINION OF THE COURT
Roger S. Hayes, J.
introduction
This is a motion to dismiss an information on the ground it is facially insufficient. The motion is made pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) and alleges the information *235 fails to meet the requirements of CPL 100.15 (3) and 100.40 (1) (b) that it allege "facts of an evidentiary character supporting or tending to support the charges” which facts give "reasonable cause to believe the defendant committed the offense charged”.
FACTS
The defendant is charged with violating Penal Law §§ 225.15, 225.30 and 225.05, possession of gambling records in the second degree, possession of a gambling device and promoting gambling in the second degree. The charges arise from allegations that on March 15, 1988 an undercover police officer placed a policy wager with the defendant, and upon the defendant’s arrest a slot machine and mutuel racehorse policy slips were in her possession because they were in an area over which she "exercised control.”
The accusatory instrument filed in this case reads as follows: "Deponent states that defendant, with knowledge of the contents and nature thereof, possessed a writing paper, instrument, and article of a kind commonly used in the operation, promotion and playing of a lottery, policy scheme and enterprise, and that defendant possessed a slot machine and that defendant knowingly advanced and profited from unlawful gambling activity, in that deponent placed a wager with defendant and in exchange for a sum of U.S. Currency, received one MRHP slip representing a policy wager and that deponent recovered from an area over which defendant exercised control, approximately 309 MRHP slips, representing in excess of 500 plays, a sum of U.S. Currency and one slot machine.”
ARGUMENT
The defense position is there are no facts of an evidentiary character alleged supporting the two possessory offenses because the statement the contraband was "recovered from an area over which defendant exercised control” is a legal conclusion, not a statement of evidentiary facts. Further, the defense claims there are no facts of an evidentiary character alleged to support the promoting gambling charge because no facts are alleged to show the defendant acted "other than as a player,” in accepting the wager, which is an element of the crime charged.
The People’s response asserts the following: "The mere *236 allegation that the defendant exercised control over the area in which the contraband was recovered provides reasonable cause that the defendant committed the offense in question.” The People also claim the allegation the undercover officer placed a policy wager with the defendant for a sum of money is a sufficient factual allegation to support the charge of promoting gambling in the second degree.
ANALYSIS
The seminal case in the area of whether a complaint is facially insufficient is People v Dumas (68 NY2d 729 [1986]), in which the Court of Appeals upheld the dismissal of a misdemeanor complaint charging the defendant with criminal sale of marihuana in the fourth degree on the ground it failed to contain evidentiary facts supporting the officer’s conclusion that the substance the defendant sold was marihuana. Emphasizing the importance of complying with CPL 100.15 (3) and 100.40 (1) (b), in People v Alejandro (70 NY2d 133 [1987]) the Court of Appeals held the failure to allege sufficient facts in an information renders it jurisdictionally defective. Thus, even though no objection was made on this ground until after the completion of the trial, the Court of Appeals upheld the reversal by the Appellate Term of a conviction by a jury for resisting arrest when the information failed to allege any facts to establish the legality of the underlying arrest, an element of the offense.
In the instant case, the information is devoid of facts tending to show the defendant was in possession of the contraband. The bare allegation the defendant exercised control over the area in which these items were recovered is a legal conclusion.
No facts whatsoever are stated so that a court can determine if there is reasonable cause to support this conclusion. Such facts might include a description of the premises, where the defendant was, i.e., behind a plexiglass counter, where the contraband was in relation to the defendant, and that the defendant possessed keys to the premises. Just as the officer’s statement in Dumas (supra) that the item sold was marihuana was facially insufficient, so too here, the officer’s bare assertion the defendant exercised control over the area in which the slot machine and gambling records were recovered is also insufficient. Therefore the charges of possession of gambling records in the second degree and possession of a gambling device are dismissed.
*237 Penal Law §225.05 provides that a person is guilty of promoting gambling in the second degree when he knowingly advances or profits from the unlawful gambling activity. In order to be guilty of violating this section a person must act "other than as a player,” a term defined in Penal Law § 225.00 (3).
The allegation that the defendant accepted a wager for money does not, in and of itself, establish the defendant acted "other than as a player” and thus fails to establish the defendant advanced gambling activity. The acceptance of a wager for money is an act which may be engaged in by either another bettor or a person aiding in the operation of a gambling establishment. Therefore an information must contain facts which would tend to demonstrate the defendant engaged in conduct "other than as a player”. The facts necessary to support this conclusion might involve specific acts on the part of the defendant, the layout of the premises, the defendant’s location therein and any other relevant facts. Since the information in this case fails to contain sufficient evidentiary facts demonstrating that the defendant was acting "other than as a player,” the charge of promoting gambling in the second degree is therefore dismissed.