OPINION OF THE COURT
Harold Beeler, J.
Defendant, charged by information with the crimes of possession of gambling records in the second degree (Penal Law § 225.15 [2]) and promoting gambling in the second degree (Penal Law § 225.05), moves, pursuant to CPL 170.30 (1) (a) *963 and 170.35 (1) (a), to dismiss the accusatory instrument for facial insufficiency.
The factual portion of the information alleges that defendant,
"on July 11, 1989, at about 0920 hours [9:20 a.m.] at 4232 Broadway in the County ... of New York . . . knowingly advanced and profited from unlawful gambling activity. . . and possessed an article commonly used in the operation of a policy scheme with knowledge of the nature of such articles [in that] informant [Undercover Police Officer, Shield #20348] gave defendant one dollar in exchange for a slip of paper which based upon informant’s training and experience in the Public Morals Division of the Police Department represented a mutual [sic] horse racing policy wager.
"Deponent [Police Officer Moore Smith] recovered from a counter immediately in front of the defendant 21 slips of paper which based upon deponent’s training and experience in the Public Morals Division of the Police Department, are of a kind commonly used in a mutual [sic] horse racing policy scheme. Defendant had dominion and control over said slips in that the defendant sat behind a glass counter within arms length of said policy slips and that there were no other individuals behind said glass counter.”
CPL 170.30 (1) (a) and 170.35 (1) (a) provide for the dismissal of a misdemeanor complaint or information when the instrument is not sufficient on its face pursuant to the requirements of CPL 100.40. Under CPL 100.40 (1), "[a]n information, or a count thereof, is sufficient on its face when: (a) It substantially conforms to the requirements prescribed in [CPL] section 100.15; and (b) The allegations of the factual part of the information, together with those of any supporting deposition * * * provide reasonable cause to believe that the defendant committed the offense charged * * * and (c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” (See also, People v Alejandro, 70 NY2d 133.) CPL 100.15 states, in pertinent part, that "[t]he factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges.”
Penal Law § 225.15 (2) provides, in pertinent part, that "[a] person is guilty of possession of gambling records in the second degree when, with knowledge of the contents or nature *964 thereof, he possesses any writing, paper, instrument or article * * * [o]f a kind commonly used in the operation, promotion or playing of a lottery or policy scheme or enterprise”. "Possess” is defined as "hav[ing] physical possession or otherwise * * * exercis[ing] dominion or control over tangible property” (Penal Law § 10.00 [8]).
Pursuant to Penal Law § 225.05, "[a] person is guilty of promoting gambling in the second degree when he knowingly advances or profits from unlawful gambling activity.”
In support of the instant motion, defendant relies on the recent decision in People v Cea (141 Misc 2d 234), wherein the court granted a motion to dismiss on facial insufficiency grounds an information charging, inter alla, a violation of Penal Law § 225.15 (2) and § 225.05. Upon comparing the factual allegations of the accusatory instrument found deficient in Cea with those of the information at issue herein, the court finds, contrary to defendant’s contention, that the two instruments are clearly distinguishable. Accordingly, and for the reasons that follow, defendant’s motion to dismiss is, in all respects, denied.
The allegations in the information at bar that defendant was observed sitting alone, behind a glass counter, within "arm’s length” of 21 apparent mutuel horse racing policy wager slips, at or about the same time he had accepted a $1 horse racing policy wager from an undercover police officer, are legally sufficient, in this court’s view, to constitute the "exercise [of] dominion or control” over the contraband as required by Penal Law § 10.00 (8), and such allegations clearly establish a "prima facie case” of possession of gambling records in the second degree (see, People v Alejandro, 70 NY2d 133, 137, supra). Indeed, these allegations represent precisely the type of "evidentiary facts” found lacking in the accusatory instrument in Cea (supra).
In Cea, "[n]o facts whatsoever [were] stated * * * to support th[e] conclusion” that the defendant "exercised control over the area in which the [policy slips and other gambling-related contraband] were recovered”. (Supra, at 236.) As noted by that court, "[s]uch facts might include * * * where the defendant was, i.e., behind a plexiglass counter, [and] where the contraband was in relation to the defendant”. (Supra, at 236.)
Further, the very same factual allegations which in this information establish a "prima facie case” of defendant’s unlawful possession of gambling records also support the *965 charge of promoting gambling in the second degree under Penal Law § 225.05.
Unlike the accusatory instrument in Cea (141 Misc 2d 234, supra), the information at bar contains sufficient facts to support the conclusion that defendant, in accepting a wager for money from an undercover officer, acted "other than as a player” (see, Penal Law § 225.00 [3]) and, as such, knowingly "advanced]” or "profiled] from” gambling activity (see, Penal Law § 225.00 [4], [5]). Pursuant to Penal Law § 225.00 (3), a "player” is "a person who engages in any form of gambling solely as a contestant or bettor * * * without otherwise rendering any material assistance to the establishment, conduct or operation of the particular gambling activity” (emphasis added). Under article 225 of the Penal Law, such "players” or "casual bettors”, as distinguished from "entrepreneurs” who engage in commercial gambling as a business or profession, are specifically exempt from criminal liability for their gambling activity (see, Penal Law § 225.00 [3], [4], [5]; see also, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 225.00, at 113, 117 [1980 ed]; People v Wilkerson, 73 Misc 2d 895).
As noted, at or about the time the bet was allegedly placed with this defendant, he was observed sitting alone, behind a glass counter, within arm’s length of nearly two dozen horse racing policy slips. Such unmistakably inculpatory factual allegations, which point directly to defendant’s "rendering * * * material assistance to the * * * conduct or operation” of a gambling enterprise, are simply not included in the accusatory instrument rejected by the court in Cea. Thus, while "[t]he allegation that [a] defendant accepted a wager for money does not, in and of itself, establish the defendant acted 'other than as a player’ ” (People v Cea, 41 Misc 2d 234, 237, supra), such conduct, under the circumstances set forth in the within accusatory instrument, clearly establishes that this defendant was acting "other than as a player” when he exchanged a horse racing policy slip for United States currency (see, Penal Law § 225.00 [3]).
Accordingly, for all the aforesaid reasons, defendant’s motion to dismiss for facial insufficiency the charges of promoting gambling in the second degree and possession of gambling records in the second degree must be denied.