785 F.Supp. 464 (1992)
Jennifer LOPER and William Kaye on behalf of themselves and all other persons who are similarly situated, Plaintiffs,
v.
NEW YORK CITY POLICE DEPARTMENT, and Lee P. Brown, as the Commissioner of the New York City Police Department, Defendants.
No. 90 Civ. 7546 (RWS).
United States District Court, S.D. New York.
March 9, 1992.
George Sommers, New York City and Hoboken, N.J., for plaintiffs.
O. Peter Sherwood, Corp. Counsel (Ira J. Lipton, Bruce Rosenbaum, Asst. Corp. Counsel, of counsel), New York City, for defendants.

OPINION
SWEET, District Judge.
Plaintiffs Jennifer Loper and William Kaye, on behalf of themselves and the class they represent, have moved for summary judgment against defendants New York City Police Department (the "Police Department") and Commissioner Lee Brown of the Police Department pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, their motion is denied.

Prior Proceedings and Facts
A complete recitation of the pertinent facts and proceedings is set forth in the prior opinions in this matter, familiarity with which is presumed. See, e.g., Loper v. New York City Police Department, 766 F.Supp. 1280 (S.D.N.Y.1991). Only those facts necessary to the present motion are presented here.
The previous motions by both sides for summary judgment were denied without prejudice in an opinion dated June 17, 1991. See id. These motions were made before any significant discovery had taken place, and the absence of evidence was one of the reasons given for their denial. Id. at 1282. Further discovery has taken place since, and this motion is based in part on information received by the Plaintiffs from the Defendants during this period.
The Plaintiffs seek a declaration that New York State Penal Law § 240.35(1) (the "Statute") is unconstitutional. Section 240.35 provides that:
A person is guilty of loitering when he:
1. Loiters, remains or wanders about in a public place for the purpose of begging; or

*465 2. Loiters or remains in a public place for the purpose of gambling with cards, dice or other gambling paraphernalia; or
3. Loiters or remains in a public place for the purpose of engaging, or soliciting another person to engage, in deviate sexual intercourse or other sexual behavior of a deviate nature; or
...
5. Loiters or remains in or about school grounds, a college or university building or grounds, not having any reason or relationship involving custody of or responsibility for a pupil or student, or any other specific, legitimate reason for being there, and not having written permission from anyone authorized to grant the same; or
6. Loiters or remains in any transportation facility, unless specifically authorized to do so, for the purpose of soliciting or engaging in any business, trade or commercial transactions involving the sale of merchandise or services, or for the purpose of entertaining persons by singing, dancing or playing any musical instrument; or
7. Loiters or remains in any transportation facility, or is found sleeping therein, and is unable to give a satisfactory explanation of his presence....
N.Y. Penal Law § 240.35 (McKinney 1989). The predecessor to subdivision five was found constitutional in People v. Johnson, 6 N.Y.2d 549, 190 N.Y.S.2d 694, 161 N.E.2d 9 (1959). Subdivision three was declared unconstitutional in People v. Uplinger, 58 N.Y.2d 936, 460 N.Y.S.2d 514, 447 N.E.2d 62 (1983), cert. dismissed, 467 U.S. 246, 104 S.Ct. 2332, 81 L.Ed.2d 201 (1984), while subdivision seven met the same fate in People v. Bright, 71 N.Y.2d 376, 526 N.Y.S.2d 66, 520 N.E.2d 1355 (1988). See generally N.Y. Penal Law § 240.35 practice commentary (McKinney 1989).
In support of their motion for summary judgment, the Plaintiffs have submitted several compilations of arrest reports implicating § 240.35(1). One report shows that between September 24, 1982, and September 26, 1991, 1,207 arrests were made where a defendant was charged with violating the statute. See Ex. C. Of those arrests, a violation of the Statute was the top charge 104 times, see Ex. D, and arrest reports produced for 75 of these occurrences, see Ex. E. The Defendants have submitted additional arrest reports for 1991 where the Statute is listed as one of the charges.
The Plaintiffs filed their present motion on November 19, 1991, prior to the close of discovery. Submissions were made and oral argument heard on January 9, 1992. The motion was considered fully submitted as of that date.

Discussion
The Plaintiffs contend the arrest reports establish that the Defendants continue to inflict unconstitutional injuries on the Plaintiffs and the plaintiff class. The Defendants counter that the arrest reports are subject to multiple interpretations.
"Summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). `As a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party.'" Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir.1991) (citations omitted). As is often stated, "[v]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." Binder v. Long Island Lighting Co., 933 F.2d 187, 191 (2d Cir.1991); see also Bay, 936 F.2d at 116.
Where the nonmoving party bears the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim. Id. However, discovery has not been completed, nor have the Defendants had an opportunity to submit evidence fully opposing all of the relief sought in the Plaintiffs' papers. *466 Compare Fed.R.Civ.P. 56(f). The Court will therefore only consider the implication, if any, of the arrest records submitted in connection with the present motion.

I. The Arrest Records

From the Plaintiffs' perspective, the arrest reports show that, since 1982, 1,207 arrests have been made where the person arrested has been charged with violating the Statute. In 104 instances, the top charge is a violation of the Statute. The Plaintiffs contend that the disposition reports with which they have been provided show that none of these arrests have resulted in a conviction, but that most have been purged.
The Plaintiffs thus argue that they are entitled to summary judgment because the arrest reports show the Defendants continue to inflict injuries upon the plaintiff class that violate § 1983. In making this argument, the Plaintiffs assume that they have suffered a deprivation of a right protected by the Constitution's First Amendment.[1]
The Defendants delve deeper into the reports and offer several plausible interpretations, including that § 240.35(1) is listed erroneously in the vast majority of instances. By pointing to specific records where § 240.35(1) is listed as the top charge, they contend descriptions of the conduct at issue provided in the reports show that most of the arrests involved prostitution, drug activity, or gambling. Of all the arrests upon which the Plaintiffs rely, the Defendants contend that only five appear to have involved loitering for begging just by having examined the computerized arrest reports submitted and by not having conducted any further investigation.
Furthermore, the Defendants have submitted all those arrest reports, except for those that have been sealed, for arrests charging a violation of § 240.35(1) in 1991. The Defendants argue that of the 48 reports, only five implicate begging. According to them, of the others, twenty involve drugs; six gambling; six trespass; and five prostitution. One report was erroneously included and no explanation is provided for the others. The facts of the begging arrests for which reports have been submitted appear to distance these arrests from the type of behavior alleged here. For example, in one case the suspect was begging in a wheelchair dressed in a soldier's uniform, even though he was neither disabled nor a veteran. In another, the person charged assaulted a pedestrian.[2]
In a motion for summary judgment, factual inferences are to be drawn in favor of the non-moving party. See H.L. Hayden Co. v. Siemens Medical Systems, Inc., 879 F.2d 1005, 1011-12 (2d Cir.1989). Here, the Defendants have pointed to reports showing that a § 240.35(1) charge on an arrest report can be, and in certain instances indeed was, erroneous. From these reports, inferences can be drawn as to all 1,207 arrests that favor either side. The Defendants therefore have raised a question of fact as to their enforcement scheme under the statute, precluding summary judgment. See Ellis v. Dyson, 421 U.S. 426, 434, 95 S.Ct. 1691, 1696, 44 L.Ed.2d 274 (1975); Young v. New York City Transit Authority, 903 F.2d 146, 163 (2d Cir.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990).

II. Mere Enactment of the Statute

The Plaintiffs also contend that they are entitled to relief, assuming that § 240.35(1) violates the Constitution, by virtue of its mere enactment. In doing so, the Plaintiffs *467 principally rely on Epperson v. Arkansas, 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968).
Epperson is an unusual case. There, the Supreme Court was presented with an opportunity to rule on a statute not unlike that at issue in the famed Scopes trial. A high school biology teacher sought a declaration that the statute was void so that she could teach Darwin's theory of evolution as presented in an assigned textbook. Although there was no record of there ever being a prosecution under the statute, see id. at 101, 89 S.Ct. at 268-69, counsel for Arkansas did state that the teacher would be liable for prosecution if she told her students about Darwin's theory, see id. at 103, 89 S.Ct. at 269-70. The Court "brushe[d] aside" Justice Black's concerns over whether the case presented a justiciable controversy, id. at 110, 89 S.Ct. at 273-74 (Black, J., concurring), and declared the statute unconstitutional.
The Plaintiffs contend that Epperson stands for the proposition that the mere enactment of an unconstitutional statute by a state warrants the exercise of a federal court's equitable jurisdiction. Putting aside the federalism concerns this raises, the Plaintiffs give Epperson a much broader reading than is warranted by the Constitution and case law.
"No federal court ... has `jurisdiction to pronounce any statute, either of a State or of the United States, void, because irreconcilable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.'" Golden v. Zwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969) (emphasis deleted) (quoting Liverpool, N.Y. & P.S.S. Co. v. Commissioners, 113 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899 (1885)). "A hypothetical threat is not enough," United Public Workers of America v. Mitchell, 330 U.S. 75, 90, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947), rather a "credible threat must be shown to be alive at each stage of the litigation." Ellis, 421 U.S. at 426, 95 S.Ct. at 1691; see U.S. Const. art. III, § 2; Young, 903 F.2d at 162-63. Presumably this requirement was satisfied in Epperson by Arkansas's representation at oral argument.
Here, unlike Epperson, the Defendants have not conceded that they enforce § 240.35(1) and questions of fact exist concerning their past and current enforcement schemes. Moreover, no other evidence has been submitted to allay the Court's initial concerns about the strength of the Plaintiff's case. See Loper, 766 F.Supp. at 1282. Granting Plaintiffs summary judgment on the current record, assuming that begging is a right secured by the Constitution, would be imprudent.
The Plaintiffs have also asked the Court to reconsider its prior decision. For the reasons set forth above and in Local Rule 3(j), the request is denied.

Conclusion
For the reasons set forth above, the Plaintiffs' motion for summary judgment is denied at this time, with leave to renew upon further discovery. Discovery is to be completed by April 17, 1992.
It is so ordered.
NOTES
[1] Compare, e.g., C.C.B. v. State, 458 So.2d 47, 48-50 (Fla.Dist.Ct.App.1984) and Chevigny, Begging and the First Amendment: Young v. New York City Transit Authority, 57 Bklyn.L.Rev. 525 (1991) and Hershkoff & Cohen, Begging to Differ: The First Amendment and the Right to Beg, 104 Harv.L.Rev. 896 (1991) and Comment, Statutory Restriction of Panhandling in Light of Young v. New York City Transit: Are States Begging Out of First Amendment Proscriptions?, 76 Iowa L.Rev. 405 (1991) with Ulmer v. Municipal Court, 55 Cal.App.3d 263, 265-67, 127 Cal. Rptr. 445 (1976) and Note, Orders to Move On and the Prevention of Crime, 87 Yale L.J. 603 (1978).
[2] In two other cases, the suspects are alleged to have obstructed pedestrian traffic, see § 240.20(5), while in the last, the suspect was arrested for panhandling outside of an automated teller machine.