OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, who after a jury trial was found not guilty of two narcotic possession charges but guilty of the violation of loitering, pursuant to CPL 330.30 (1), to vacate the guilty verdict upon the ground that the loiter *1000 ing statute is unconstitutional,[1] and as such would require a reversal of the conviction as a matter of law upon an appeal.
Section 240.35 (2) of the Penal Law provides as follows:
“A person is guilty of loitering when he:
“Loiters or remains in a public place for the purpose of gambling with cards, dice or other gambling paraphernalia.” This court previously suggested that this statute is unconstitutional (People v Melton, 152 Misc 2d 649),[2] but there is scant authority for a court to sua sponte declare a statute unconstitutional (see, People v Arez, 64 Misc 2d 723 [dissenting opn], affd sub nom. People v Gibbs, 28 NY2d 764, appeal dismissed sub nom. Haynes v New York, 404 US 804). As a result, this case proceeded from the indictment stage to the verdict stage without a resolution of this issue.
According to the trial testimony, a police officer, while on routine patrol, observed the defendant and other individuals gambling with dice in the driveway of an abandoned residence, known to the police as a drug-prone location, and as the officer approached some of the group, the defendant discarded a plastic bag containing cocaine. As indicated, the jury found that the defendant did not commit the crimes of criminal possession of a narcotic drug, but that he did commit, the crime of loitering for the purpose of gambling with dice, the third count in the indictment.
Section 225.00 (2) of the Penal Law defines “gambling” in the following language: “A person engages in gambling when he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome.” However, “gambling” only becomes illegal if a person advances gambling activity “when, acting other than as a player” (Penal Law § 225.00 [4]), or if a person profits from gambling activity when acting “other than as a player” (Penal Law § 225.00 [5]).
In People v Giordano (87 NY2d 441, 446), the Court of Appeals stated the applicable law in these terms: “Article 225 of *1001 the Penal Law sets forth a framework establishing two promoting gambling offenses * * * Under the statutory scheme a mere player or bettor is not criminally liable but one who, in some capacity other than as a player, participates in any gambling enterprise or activity is guilty of a crime. The basic inquiry in each case is whether the game or scheme in issue constitutes gambling and whether defendant’s conduct is other than as a player.”
More specifically, conduct whereby a group of individuals play dice with the objective that the winner receives money constitutes gambling (see, People ex rel. Ellison v Lavin, 179 NY 164). But the individuals who participate in gambling of this nature as casual players are not committing a crime (see, People ex rel. Guido v Calkins, 9 NY2d 77, rearg denied 9 NY2d 758), as they are not knowingly advancing or profiting from unlawful gambling activity in violation of sections 225.05 and 225.20 of the Penal Law, which proscribes promoting gambling in the second and first degrees (see, People v Cea, 141 Misc 2d 234).
Thus, gambling with dice per se, as in this case, is not illegal.
The lack of illegality inherent in mere gambling activity may be compared with the lack of illegality inherent in consensual deviate sexual intercourse between adults. The Court of Appeals found in People v Onofre (51 NY2d 476, cert denied 451 US 987), that deviate sexual intercourse between consenting adults did not amount to criminal behavior, so it concluded in People v Uplinger (58 NY2d 936, cert dismissed 467 US 246), that loitering for that purpose likewise did not amount to criminal behavior. Consequently, that Court declared section 240.35 (3) of the Penal Law, which prohibited loitering for the purpose of engaging in deviate sexual intercourse, to be unconstitutional.
Since these two situations are analogous, the same result is mandated in this case.
Although there is a strong presumption that a statute is constitutional (People v Bright, 71 NY2d 376, 382), and that a nisi prius court should not ordinarily find a penal statute unconstitutional (People v Guilbert, 122 Misc 2d 694),[3] this is a situation where such a conclusion is inescapable and the inva *1002 lidity of the act is apparent on its face (People v Bates, 81 Misc 2d 531).
Accordingly, section 240.35 (2) of the Penal Law is unconstitutional, and the charge of loitering is dismissed.

. Pursuant to CPLR 1012 (b) and Executive Law § 71, the Attorney General was notified of the challenge to the constitutionality of this statute, and that office appeared in the action.

. This decision sanctioned the approach by a police officer of a group of individuals who were gambling, upon the basis of the probably unconstitutional statute.

. Both People v Bright (supra) and People v Guilbert (supra) involve the constitutionality of a loitering statute.