THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAYSON DAVIDSON, Respondent. [737 NYS2d 467] —Appeal from an order of Supreme Court, Monroe County (Mark, J.), entered August 24, 1999, which granted defendant's motion to set aside the verdict.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law, the motion is denied, the verdict is reinstated and the matter is remitted to Supreme Court for sentencing.

Memorandum: The People appeal from an order granting the motion of defendant to set aside the verdict convicting him of loitering "in a public place for the purpose of gambling with cards, dice or other gambling paraphernalia" (Penal Law § 240.35 [2]). In granting the motion, Supreme Court determined that Penal Law § 240.35 (2) is unconstitutional because it is indistinguishable from Penal Law § 240.35 (3), which was invalidated by *People v Uplinger* (58 NY2d 936, *cert dismissed* 467 US 246). We disagree.

Penal Law § 240.35 (3) is a companion statute to the consensual sodomy statute invalidated by *People v Onofre* (51

NY2d 476, *rearg denied* 52 NY2d 1072, *cert denied* 451 US 987). In our view, it "was intended only to provide an additional means of enforcing the statute struck down in *Onofre* and therefore was not severable from that statute" (*New York v Uplinger*, 467 US 246, 248, n 2).

In contrast to Penal Law § 240.35 (3), Penal Law § 240.35 (2) does not punish conduct anticipatory to constitutionally protected activity. Indeed, the New York Constitution provides that no "gambling, except lotteries operated by the state and * * * pari-mutuel betting on horse races * * * shall hereafter be authorized or allowed within this state" (NY Const, art I, § 9 [1]). Penal Law § 240.35 (2) was enacted under the authority of the State's police power to prohibit loitering in a public place, not for the purpose of all gambling, but only "for the purpose of gambling with cards, dice or other gambling paraphernalia." That power is " 'very broad and comprehensive' and in its exercise 'the conduct of an individual and the use of property may be regulated so as to interfere, to some extent, with the freedom of the one and the enjoyment of the other' " (*People v Bunis*, 9 NY2d 1, 4, quoting *Matter of Jacobs*, 98 NY 98, 108). Thus, we disagree with the dissent that Penal Law § 240.35 (2) should be invalidated merely because it regulates otherwise legal activity.

We note that the only issue before us is whether Penal Law § 240.35 (2) is indistinguishable from Penal Law § 240.35 (3), which was invalidated by *People v Uplinger* (*supra*). The issue whether Penal Law § 240.35 (2) is reasonably related to the public good and thus a valid exercise of police power is not before us on this appeal by the People. Our power of review is limited to "any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant" (CPL 470.15 [1]), and thus "consideration of defendant's other arguments will have to await a possible future appeal by him after sentencing" (*People v Goodfriend*, 64 NY2d 695, 698; *see, People v Karp*, 76 NY2d 1006, 1008-1009). We therefore reverse the order, deny the motion, reinstate the verdict and remit the matter to Supreme Court for sentencing.

All concur except Pine, J.P., and Gorski, J., who dissent and vote to affirm in the following memorandum.

Pine, J.P., and Gorski, J. (dissenting). We respectfully dissent, and would affirm the order granting the motion of defendant to set aside the verdict convicting him of loitering (Penal Law § 240.35 [2] [loitering or remaining in a public place for the purpose of gambling with cards, dice or other gaming

paraphernalia]). In *People v Uplinger* (58 NY2d 936, *cert dismissed* 467 US 246), involving a loitering conviction under Penal Law § 240.35 (3), the Court of Appeals reversed the conviction and dismissed the information on the ground that the underlying conduct could not be deemed criminal after *People v Onofre* (51 NY2d 476, *rearg denied* 52 NY2d 1072, *cert denied* 451 US 987) was decided. That analysis applies equally to a conviction under Penal Law § 240.35 (2). It has been consistently held that casual gambling is not a crime and that casual gamblers are not criminals (*see, e.g., People v Stein*, 280 App Div 176, 178 ["A mere player is guilty of no crime"], *affd* 304 NY 834, *rearg denied* 305 NY 566; *People v Solomon*, 296 NY 220, 222 ["casual betting or gaming by individuals—as distinguished from betting or gambling as a business or profession—is not a crime"]; *Watts v Malatesta*, 262 NY 80, 82 ["casual betting or gaming by individuals * * * is not a crime"]; *People v Bright*, 203 NY 73, 76 [same]; *People v Stedeker*, 175 NY 57, 62 ["ordinary betting has never been made a crime"]; *People v Melton*, 152 Misc 2d 649, 651 ["Throwing dice is gambling (*see, People ex rel. Ellison v Lavin*, 179 NY 164), but participating in gambling of this nature as a casual player is not a crime (Penal Law § 225.00 [4]; *see, People ex rel. Guido v Calkins*, 9 NY2d 77; *Watts v Malatesta*, 262 NY 80; *People v Cea*, 141 Misc 2d 234)"]).

In the instant case, the police observed a group of approximately 8 to 10 young men, including defendant, who were "shooting dice for money" in a residential driveway. Defendant was not engaged in gambling that could be deemed criminal because there is no evidence that he was either advancing gambling activity or profiting therefrom (*see*, Penal Law § 225.00 [4], [5]; § 225.05). Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ. [*See* 181 Misc 2d 999.]